DAVID BLOOM, Respondent, *v.* AARON D. HUYCK, Appellant.

*Summary proceedings — what issues can be raised by the answer — power of a Justice's Court to strike out a pleading.*

In summary proceedings to recover possession of real property, the only questions that can be raised by the answer are those which are directly put in issue by a denial of the allegations of the petition; no other issue can be tried by the judge or justice.

A court of limited or qualified statutory jurisdiction has no inherent power to strike out the pleading of a party upon his failure to file a bill of particulars, as ordered.

APPEAL by the defendant, Aaron D. Huyck, from a judgment of the County Court of Greene county in favor of the plaintiff, entered in the clerk's office of the county of Greene on the 8th day of February, 1893, affirming a judgment of a justice of the peace awarding to the plaintiff the possession of certain real estate.

*A. C. Griswold,* for the appellant.

*E. Palmer,* for the respondent.

MAYHAM, P. J.:

On the 13th of April, 1892, the respondent filed his petition, duly verified, with Henry D. Shores, justice of the peace, alleging, among other things, that he, the petitioner, as landlord, rented certain premises to Aaron D. Huyck, the appellant, who took possession of the premises under a stipulated rent per month, about the 10th of April, 1891, and that the said Aaron D. Huyck was, at the date of said petition, indebted to the petitioner in the sum of nine dollars for rent; that he duly caused to be served on the defendant Huyck a notice in writing on the 6th day of April, 1892, requiring in the alternative the payment of the rent or the possession of the premises; that the rent or any part of it had not been paid, and that the defendant Huyck was holding over and continuing in possession after a default in the payment of rent, without the consent of the petitioner. On presentation and proof of service, and demand for the rent alleged to be due, the justice issued his precept, requiring defendant Huyck forthwith to remove from the premises, or show

cause before the justice on the 16th day of April, 1892, why the possession of the premises should not be delivered to the petitioner.

At the time fixed in the notice or order to show cause the defendant Huyck appeared before the justice and filed his answer, duly verified, which answer is in the following form :

"Aaron D. Huyck, for an answer to the petition in the above-entitled proceedings, dated the 13th day of April, 1892, denies that he is indebted to the said David Bloom in the sum of $9.00 for the month of April, 1892, or any sum for rent, during the year ending May 1st, 1892.

" The said Aaron D. Huyck had fully paid the rent of said premises for the term of the lease, and asks the judgment of this court that the proceedings be dismissed, with costs against the petitioner."

To this answer the petitioner interposed a demurrer, which demurrer was overruled. The petitioner thereupon demanded, before a *venire* was issued, a bill of items or particulars of the amounts paid by defendant, as set forth in the answer ; and the justice thereupon ordered the defendant to furnish such bill of particulars. To this rule and order this defendant excepted, and refused to furnish the bill of particulars asked for by the plaintiff.

The defendant thereupon asked for a jury, and tendered to the justice the amount fixed by the justice as the cost of a jury.

The court refused to draw a jury until a bill of particulars as ordered was furnished. No bill of particulars being furnished by the defendant, the plaintiff immediately moved for a warrant to dispossess the defendant Huyck from the premises described in the petition. The defendant objected to any further proceedings until a jury was drawn and the matter tried.

The objection of the defendant was overruled, and the plaintiff's motion was granted, and a judgment entered against the defendant directing a warrant to be issued against him for the delivery to the plaintiff of the possession of the premises described in the petition, with two dollars and eighty-two cents costs against the defendant.

From this judgment the defendant appealed to the County Court, where the judgment of the justice was affirmed, with costs, from which judgment of affirmance, the appellant Huyck appeals to this court.

The question involved in this case is whether the justice could legally ignore the issue made by the defendant by his denial of the allegations of the petition, and could proceed summarily after a jury was demanded by the defendant, and the fees and expense tendered, and enter a judgment of eviction and issue his warrant against the defendant, under his objection.

Section 2244 of the Code of Civil Procedure provides as follows: " At the time when a precept is returnable, without waiting, as prescribed in an action before a justice of the peace, or in a District Court in the city of New York, the person to whom it is directed, or his landlord, or any person in possession, or claiming possession of the premises, or a part thereof, may file with the judge or justice who issued the precept, or with the clerk of the court, a written answer, verified in like manner as a verified answer in an action in the Supreme Court, denying generally the allegations, or specifically any material allegations of the petition."

This is the only answer or pleading the statute authorizes the defendant to interpose in summary proceedings to recover possession of land. That portion of the answer, therefore, which sets up payment, was unnecessary and surplusage, and doubtless would, on demurrer to that part of the answer, have been adjudged bad.

The only questions which could possibly be raised by the answer are those which directly put in issue, by denial, the allegations of the petitioner. These summary proceedings before a judge or justice of the peace, for the recovery of the possession of lands, are unlike proceedings in ordinary actions, triable in Justices' Courts. An issue by the service of an answer containing a denial of the allegations in the petition, presents the only question that can be tried before the judge or justice. The trial of that issue differs in some essential particulars from an issue ordinarily tried in Justices' Courts.

Section 2247 of the Code of Civil Procedure authorizes the justice, where no jury is called, to hear and determine the issue thus presented; but the defendant, by that section, is authorized, on tendering or paying the proper amount of fees and costs of obtaining a jury, to demand a trial by jury.

In such case, the justice is required to issue his precept, directing that twelve persons, nominated by him and qualified to serve as jurors in courts of record, shall be summoned for the purpose of

trying the matter in difference. This provision of law differs also from the ordinary method of securing a jury to try actions in Justices' Courts.

The whole proceedings are purely statutory, and must, we think, be conducted strictly within the statutory provisions in order to be upheld. No power is conferred upon the justice to disregard a verified answer denying the allegations of the petitioner, and no authority is conferred upon him either to strike out that answer or to proceed and hear and determine the questions in issue by the answer, without a jury, where a jury has been demanded and the fee paid. The only answer that the court could recognize in this proceeding was a denial. (*Barnum et al.* v. *Fitzpatrick*, 42 N. Y. St. Repr. 184; Code Civ. Proc. § 2244.)

That denial was interposed in this case, and was not waived or withdrawn, and upon the interposition of that denial, the defendant demanded a jury. No discretion is vested in the magistrate to disregard or strike out that answer. The answer, therefore, stood, presenting an issue in this case, and was not waived, withdrawn or stricken out at the time the judgment or warrant of eviction was issued.

It is insisted by the respondent, that although section 531 of the Code, which provides for furnishing a bill of particulars, in terms furnishes no other penalty for refusing to serve a bill of particulars where required, than that of depriving the party so refusing from giving evidence as to the subject upon which such bill of particulars is demanded, yet the court has inherent power to strike out the entire pleading as a punishment for such refusal.

And we are referred to the case of *Gross* v. *Clark* (87 N. Y. 272), in support of that contention. That was an ordinary action in the Supreme Court, and an order was made by the court requiring the plaintiff to serve a bill of particulars before answer. That order was disregarded by the plaintiff, and on a motion made by the defendant to compel obedience to that order, the court, as a penalty for that disobedience, struck out the plaintiff's complaint, invoking the common-law powers which are vested in a court of general jurisdiction. No such extraordinary power is lodged in a court of limited, qualified or statutory jurisdiction.

If a bill of particulars could properly be demanded in a case like

the one at bar, and was refused, the only penalty that a magistrate of limited jurisdiction could inflict for such refusal would be the penalty expressly provided by statute, to wit, that of depriving the defendant from giving evidence of the facts as to which such bill of particulars was refused; but if it could be held that *Gross* v. *Clark* (*supra*) is an authority in this case, still the power of striking out the pleading was not to be exercised in this case, and the pleading remained upon the record, presenting a full and complete issue by denial of all the allegations of the petition.

There was, therefore, an issue upon the record which could not be properly disposed of except by trial, and that trial before a jury, such as is provided for in section 2244 of the Code.

If it be said that that trial would be unavailing to the defendant for the reason that he would be deprived of giving affirmative evidence of facts not specified in a bill of particulars, still, we think, it would require the plaintiff to prove his case before the jury and afford the defendant all the advantage of a trial in the examination of the plaintiff's witnesses, and in having a jury pass upon the truth of the allegations of the plaintiff's petition. Of such a right he could not, we think, be summarily deprived by the justice.

This conclusion is not in conflict with the case of *Klock* v. *Brennan* (35 N. Y. St. Repr. 745). That was an action in the Supreme Court in which a bill of particulars might properly be demanded under section 531 of Code of Civil Procedure, and the principal question disposed of in that case was, whether the party demanding a bill of particulars had been guilty of such *laches* as would render an order directing a bill of particulars improper, and it was held that a bill of particulars under the circumstances of that case was properly awarded and sustained within the discretion of the court, nor is it in conflict with the case of *The Durant Land Improvement Co.* v. *The East River Electric Co.* (17 N. Y. Civ. Proc. Rep. 224). None of the questions which we have discussed in this case arose in either of those cases.

The case of *The People ex rel. White* v. *Loomis* (27 Hun, 328), cited by the learned counsel for the respondent, holds that the summary proceedings instituted before a justice are governed, except as otherwise prescribed by statute, by the ordinary rules governing trials in Justices' Courts.

As we have seen, the statute prescribes rules in summary proceedings inconsistent with the course pursued by the trial justice in this case, in that it directs the summoning of and trial by a jury, where the allegations of the petition are denied in the answer and a jury is demanded.

*Goff* v. *Vedder* (12 N. Y. Civ. Proc. Rep. 358), is not in conflict with this doctrine, but seems to be in harmony with this conclusion..

We are, therefore, of the opinion that the justice erred in disregarding the defendant's answer denying his application for a trial by jury, and that the order or judgment rendered by him was for that reason erroneous, and that the judgment of the County Court affirming the judgment of the justice must for that reason be reversed.

The judgment must be reversed, with costs.

Putnam and Herrick, JJ., concurred.