[No. 4096.   Decided February 19, 1902.]

GEORGE W. CARMACK, *Respondent,* v. KATIE DRUM *et al.,*

*Appellants.*

UNLAWFUL DETAINER — DEFENSES — SEVERABLE CONTRACTS — NECESSITY OF INDEPENDENT ACTION FOR BREACH.

In an action of unlawful detainer, the tenant cannot set up the defense that he had a contract with the landlord whereby the latter, in case of his dispossession for any reason, should

reimburse the tenant for furniture, fixtures and improvements before he should be compelled to vacate the premises, since the contract of tenancy and that of reimbursement are severable, and for the breach of the latter the tenant should be relegated to an action for damages instead of being allowed to interpose it as a defense to the summary action for possession permitted by the statute governing unlawful detainer. (DUNBAR, J., dissents).

SAME — ANOTHER ACTION PENDING.

The contract between the landlord and tenant for the purchase before dispossession by the former of the furniture placed on the premises by the latter being the subject matter of an independent action at law, such fact affords no ground of equitable interference by injunction to restrain the landlord from prosecuting an action of unlawful detainer, and therefore the pending of such equitable action cannot be pleaded as an abatement of the unlawful detainer action.

TRIAL — RE-OPENING CASE — DISCRETION OF COURT.

The action of the court, after the case had been closed, and a motion made by defendants for a directed verdict on the ground that there had been no proof of service of the notice to quit, in reopening the case and allowing plaintiff to prove such service, is not error, in the absence of a showing of abuse of discretion in that respect.

SAME — DIRECTED VERDICT.

Where the evidence sustains the allegations of the complaint and there is no evidence on the part of defendants rebutting such proof, it is not error for the court to direct a verdict for plaintiff.

Appeal from Superior Court, King County.—Hon. WILLIAM R. BELL, Judge. Affirmed.

*Josiah Collins* and *Hastings & Stedman,* for appellants.

*Metcalfe & Jurey,* for respondent.

The opinion of the court was delivered by

WHITE, J.—This is a summary action by the owner, under the statutes relating to unlawful detainer, to recover possession from the tenant of a lodging house in Seattle known as the "Fremont House," and incidentally rent and

damages for its wrongful detention. The action is based upon a tenancy from month to month, and the termination of the same by the statutory notice to quit. The appellants pleaded, in substance, as a separate defense, that on January 10, 1900, they entered into negotiations with one Alice Lewis for the purchase of the furniture in said house for $2,500; that before purchasing the same the appellants went to the respondent and entered into a contract with him, in which it was agreed that upon the purchase of the furniture, etc., the appellants should be let into possession of the house as tenants from month to month, as long as they should pay a reasonable sum per month as rent promptly when the same became due. In the event that the respondent should decide to rent to any other person, or to take the house for his own use, he agreed with the appellants to reimburse them for the furniture, fixtures, and improvements, and to pay them therefor, before they should be compelled to vacate the house, the full amount paid by the appellants to Alice Lewis for the furniture, etc., plus additional furnishings and improvements purchased by appellants subsequent to January 10, 1900, less reasonable wear and tear; that relying on such agreement, and in consideration of the respondent's promise, the furniture, etc., was purchased from Alice Lewis for $2,500, and appellants went into possession of said house, have paid their rent promptly, and in every way complied with their part of the contract; that they have expended the sum of $400 in additional improvements, furniture, and fixtures; that they have demanded of the respondent $2,900, the value of the furniture and fixtures, but that the respondent refuses to pay for the same, and seeks by this action to dispossess them of the house, notwithstanding his agreement with them. The appellants further allege that, if respond-

ent dispossesses them, the value of the furniture, etc., if removed from the house, would not be more than $1,000, and there would be a loss to appellants of $1,900 by such removal.　A demurrer was interposed by the respondent to this defense and overruled.　The respondent replied, denying the agreement set up in the affirmative defense, the additional improvements and fixtures, and the damage to the furniture in case of removal.　On the trial, however, the court ruled that the appellants could not introduce any proof of the facts to sustain the defense, and announced that at the time he overruled the demurrer he was not satisfied that the contract pleaded by appellants could not be taken advantage of in this action, but that he now thinks redress of the appellants must be by a separate action.　On this ruling he gave to the appellants an exception.

The refusal of the court to allow appellants to introduce proof to sustain the facts alleged in the defense is assigned as error.　The respondent contends that the answer of a defendant in an action for unlawful detainer, under the statute, is confined to denials only.　In support of this contention he cites *Barnum v. Fitz Patrick,* 16 N. Y. Supp. 934, and *Bloom v. Huyck,* 71 Hun, 252 (25 N. Y. Supp. 7).　This was at one time the rule in New York, because the laws of that state expressly provided that the tenant could answer only under a general or specific denial, and it was held that the tenant was therefore limited to denials. *Becker v. Church,* 42 Hun, 258.　But this rule was afterwards changed by statute so that the tenant might set up any new matter constituting a legal or equitable defense or counter-claim.　12 Enc. Pl. & Pr. 893, and note 4, and cases cited.　Our statute provides that the tenant may answer, without any limitations as to the nature of the answer.　Bal. Code, § 5538.　We held, however, in *Ralph*

*v. Lomer,* 3 Wash. 401 (28 Pac. 760), and *Phillips v. Port Townsend Lodge,* 8 Wash. 529 (36 Pac. 476), that the tenant could not set up in his answer an equitable defense, setoff, or counter-claim.

The contract pleaded as a defense is a severable contract. The contract creating the monthly tenancy is that the tenant pay for the possession of the house a reasonable sum promptly when the same becomes due. This contract, under the law, can be terminated on a twenty day notice. The right to remain in the house until the furniture, improvements, etc., are paid for, is part of the contract relating to the purchase of the furniture, improvements, etc. For a breach of this independent contract, compensation can be awarded in damages, as for the breach of any other contract, both for the value of the furniture and improvements, and loss to the appellants for not purchasing the furniture at the time agreed upon: that is, when the respondent elected to repossess himself of the premises.

"Where an agreement embraces a number of distinct subjects, which admit of being separately executed and closed, the general rule is that it shall be taken distributively, and each subject be considered as forming the matter of a separate agreement after it is so closed." *Dugan v. Anderson,* 36 Md. 567 (11 Am. Rep. 509).

"When the price is expressly apportioned by the contract, or the apportionment may be implied by law to each item to be performed, the contract will generally be held to be severable." *More v. Bonnet,* 40 Cal. 251 (6 Am. Rep. 621).

"The criterion for determining whether a contract is entire or separable is thus stated by Mr. Parsons in his work on the Law of Contracts: 'If the part to be performed by one party consists of several and distinct items, and the price to be paid by the other is apportioned to each item to be performed, or is left to be implied by law, such a contract will generally be held to be severable.

. . . But if the consideration to be paid is single and entire, the contract must be held to be entire, although the subject of the contract may consist of several distinct and wholly independent items.' 2 Pars. Cont. 29-31. This rule of classification is based on a distinction so simple that it may be easily understood and readily applied. It is the consideration to be paid, and not the subject or thing to be performed, that determines the class to which a contract belongs. Its entirety or separableness depends not upon the singleness of its subject, or the multiplicity of the items composing it, but upon the entireness of the consideration, or its express or implied apportionment to the several items constituting its subject. If the consideration is single the contract is entire, whatever the number or variety of the items embraced in its subject; but if the consideration is apportioned, expressly or impliedly, to each of these items, the contract is severable." *Lucesco Oil Co. v. Brewer,* 66 Pa. St. 351.

Applying the rules laid down in the cases cited to this case, it is manifest that the contract is severable. There is a stipulation to pay for the premises a reasonable monthly rental,—one entire contract. There is a stipulation to pay for the furniture and improvements what they are worth at a certain time, and an implied agreement to pay damages for failure to buy the furniture at such time,—another entire contract. The agreement to pay for the furniture, etc., and damages for non-compliance therewith, is the subject matter of an independent action. That being the case, for a breach of this independent contract the appellants should be remitted to their action at law, as for the breach of any other ordinary contract. The ruling of the court below in refusing to receive the evidence to sustain this defense was therefore correct.

After the notice to quit was served, and before this action was commenced, the appellants commenced an action against the respondent in the superior court setting up sub- °

stantially the same facts set up in the defense, and pray-ing that the respondent be restrained from terminating the tenancy.    The pendency of the equitable action was pleaded as a second affirmative defense, by way of an abate-ment to this action.    A demurrer to this defense was inter-posed, and the same was sustained by the court.    This is also assigned as error.    We have held that the matter set up in the suit in equity was the subject matter of an inde-pendent action at law.    That being the case, there were no grounds for equitable interference, and the court properly sustained the demurrer to this defense.

After the case closed, and a motion had been made by the appellants for an instruction to the jury to find a ver-dict for the appellants on the ground that there had been no proof of service of the notice to quit, the court reopened the case, and allowed the respondent to recall a witness to prove such service.    This is assigned as error.    Inasmuch as the record fails to show any abuse of discretion in that respect, we hold that the action of the court was right and proper.

It is assigned as error that the court erred in directing a verdict for the respondent.    On the evidence before the court, the court did not err in so doing, as the evidence sustained the allegations in the complaint, and there was no evidence introduced by appellants to rebut the same. The first error assigned, touching the notice to quit, was waived by the appellants on the hearing of this appeal.

The judgment of the court below is therefore affirmed, with costs to the respondent.

REAVIS, C. J., and FULLERTON, ANDERS, MOUNT and HADLEY, JJ., concur.

DUNBAR, J. (dissenting)—I dissent.    The defendants should have been allowed to submit the defense offered.

The cases cited in the majority opinion from this court are not in point. In *Ralph v. Lomer* it was held that, in an action by a landlord against a tenant to recover possession of property for failure to pay rent, it was inadmissible to set up a counter-claim for damages on account of loss of business, depreciation in the value of furniture purchased for use on leased premises, and for repairs which were alleged as the result of acts on the part of the landlord. And in *Phillips v. Port Townsend Lodge* it was held that in an action instituted by a landlord against a tenant for rent, under the forcible entry and detainer act, an answer setting up a counter-claim on account of repairs made by the tenant which it was the duty of the landlord to make is demurrable on the ground that it does not state a defense. It is well established that in an action of forcible detainer a counter-claim or set-off cannot be pleaded, but that rule is not involved in this case. There is no attempt here to set-off against the rent due. The answer showed, and the testimony sought to be introduced was to the effect, that the rent had been promptly paid, and all that the defendants sought to do was to show the whole contract. This was a contract that went to the duration of the lease. It provided specifically that, if the landlord dispossessed them, he should pay them the value of the furniture purchased, *before they should be compelled to vacate the house;* and, if the landlord saw fit to enter into an agreement fixing the expiration of the lease at a time when he should do a particular thing, I do not know under what rule of law or ethics the defendants should be deprived of the right to plead such a contract on the part of the landlord. The proof offered bore no resemblance to an attempt to recover a counter-claim or set-off, but went directly to the terms of the lease and to its duration. The

plaintiff had to introduce a portion of the contract of lease before he could get a judgment of ouster. It is a principle of law universally sustained that, where a part of a contract is introduced in evidence, the whole contract may be introduced either by cross-examination or by direct testimony. If the testimony which was offered and refused here was true, it follows naturally that the plaintiff ought not to be allowed to dispossess his tenants until he has complied with his agreement.

The judgment should be reversed, and leave given the defendants to introduce the testimony offered.