[No. 6551.   Decided March 29, 1907.]

# H. G. RICHARDSON, as Receiver of the Agnew-Baldwin Cedar Company, Respondent, v. W. I. AGNEW et al., Appellants.[1]

CORPORATIONS—RECEIVERS—COLLECTION OF ASSETS.   In an action by a receiver of a corporation to recover money misappropriated by an officer of the corporation, a nonsuit should not be granted for failure to show that the receiver was the owner of the claim, where plaintiff's evidence did not affirmatively show that the corporation had parted with its interest therein.

TRIAL—REOPENING CASE—DISCRETION OF COURT.   It is within the discretion of the court to reopen a case for the introduction of further testimony, after motion for nonsuit is made, and no abuse appears where no prejudice or surprise is shown.

EVIDENCE—HEARSAY.   Declarations claimed to have been made to a disinterested witness by the vendor of logs, since deceased, are inadmissible as hearsay upon an issue as to the making of the sale.

TRIAL—EVIDENCE—OBJECTIONS—SUFFICIENCY.   It is not error to exclude hearsay evidence, expressly stating that ground, although the same was only objected to as evidence of conversations with a deceased person.

TRIAL—VERDICT—EXCESSIVE   VERDICT—MISTAKE—CORRECTION   BY COURT.   A verdict for $1,472.80 will not be held to be the result of passion or prejudice from the fact that, from certain figures and argument, counsel seemed to have conceded that the amount should not exceed $1,167.10, but rather of a mistake on the part of the jury, authorizing its correction by the court, where the evidence was very conflicting, many items were in dispute, and the amount found was less than the complaint claimed and which might have been allowed under the instructions.

APPEAL—REVIEW—VERDICT.   The weight and preponderance of the evidence is for the jury where the evidence is conflicting.

Appeal from a judgment of the superior court for Thurston county, Linn, J., entered April 20, 1906, upon the verdict of a jury rendered in favor of the plaintiff, in an action for conversion.   Affirmed.

[1]Reported in 89 Pac. 404.

*G. C. Israel*, for appellants.

*King & King* and *Troy & Falknor*, for respondent.

HADLEY, C. J.—The plaintiff in this action is the receiver of the Agnew-Baldwin Cedar Company, an insolvent corporation. Said corporation is the successor, by mere change of name, of the Flynn Shingle Company. The defendants are husband and wife, and were such when the transactions occurred of which the plaintiff complains. It is alleged that from the 16th day of December, 1901, to the 11th day of April, 1904, the defendant W. I. Agnew was the secretary and treasurer as well as manager of the said corporation, and within his said capacities and while acting therein, he appropriated and converted to himself and his codefendant funds of said corporation in the sum of $1,580.92. This is a suit by the receiver against both husband and wife to recover judgment for the above-named amount. The material averments of the complaint are denied by the answer. A trial was had before a jury, and a verdict was returned for the plaintiff in the sum of $1,472.80. Judgment was forthwith entered for the amount, but upon hearing the defendants' motion for new trial, it appeared to the court that the verdict should have been in the sum of $1,167.10, and the plaintiff agreeing in open court to such reduction, it was ordered that the judgment should be reduced to the last-named amount. The defendants have appealed.

It is assigned that the court erred in refusing to grant the motion for nonsuit, for the reason that it appeared that the receiver had no interest in the indebtedness sought to be enforced, and also that there was further error in permitting the respondent, after the motion for nonsuit had been submitted, to reopen the case and offer additional evidence. One ground urged for the nonsuit was that respondent had not shown himself to be the owner or holder of the claim upon which he sued. As receiver he represented the corporation. The claim sued upon was for moneys of the corporation al-

leged to have been misappropriated by one of the appellants while acting in an official capacity for the corporation. The claim, therefore, necessarily belonged to the corporation, unless it had parted with its interest, and unless it affirmatively appeared from respondent's evidence at the time the motion for nonsuit was made that the corporation had parted with its interest, the motion was properly denied. Respondent urges that the evidence did not affirmatively show that the corporation had parted with its interest. It showed that by resolution the corporation authorized its president and secretary to execute to the Capital National Bank all necessary conveyances to accomplish the transfer to it of all personal property of the corporation. But respondent argues that this was not a contract of sale, but was mere authority granted by the trustees to consummate a sale in the future. The resolution itself, it is true, transferred nothing. It appeared in evidence that a transfer was subsequently made to the Capital National Bank. But the respondent contends that it did not appear just what was conveyed, and that especially was there nothing which clearly showed that this particular claim was connected with the bank transfer. But whether the nonsuit should have been denied in the first instance, it is unnecessary to decide, in view of the proof subsequently introduced. We think it was a matter so clearly within the discretion of the court to permit respondent under the circumstances to reopen the case and submit further proof that it cannot be treated as error, unless the discretion was abused. We do not think there was an abuse of discretion. It was in the interest of justice that the facts should appear at that trial, without the necessity for further trial, and there was no showing of prejudice by way of surprise or otherwise. When the case was reopened, Mr. Lord testified that, before the assignment to the bank, he and Mr. Agnew and Mr. Baldwin, the two latter being officers of the corporation, went over the accounts of the corporation that were assigned, and that this account was not included. If the previous testimony

had not shown that the account was not transferred to the
bank, that of Mr. Lord did show it. A *prima facie* showing
of indebtedness to the corporation, therefore, appeared in
the evidence, and there was no error in denying the motion
for nonsuit.

It was claimed by appellants that the appellant W. I.
Agnew had, while he was the secretary and treasurer of the
corporation, purchased from one Powe a boom of cedar logs,
for which he paid with his private funds, and that he turned
these logs over to the corporation and took credit in his
account with the company for the sum of $1,540 as the value
of the logs. This item was in dispute between the parties
at the trial. Powe was then dead, and appellant asked a
disinterested witness certain questions which called for state-
ments the deceased Powe had made to him concerning a sale
of a boom of logs to appellants. Respondent's counsel ob-
jected, and remarked that the offered evidence purported to
be the conversation of a dead man. The objection was sus-
tained, and an answer the witness had given was stricken
on the express ground, as stated by the court, that it was
hearsay evidence. The ruling was not erroneous. The evi-
dence was clearly hearsay, and the court was not required
to admit evidence which it saw was clearly objectionable as
hearsay, merely because counsel had named a ground of
objection that might not have been effective if the testimony
had been otherwise competent.

It is next contended that the verdict was excessive, and
that it was necessarily given under the influence of passion
and prejudice. We have seen from the statement of the
case that the court made the final judgment $305.70 less
than the amount of the verdict. This reduction was made
by the court for the reason that, during the argument to the
jury, one of respondent's counsel placed a large number of
figures upon a blackboard, representing items involved in
the accounts between the parties, and he seems to have con-
ceded by the figures and argument that respondent was en-

titled to recover but $1,167.10. In view of this concession, it is insisted by the appellant that the jury were manifestly controlled by passion and prejudice when they returned a verdict for a greater sum than the amount conceded. The amount returned was, however, within the issues and was for $108.12 less than the sum claimed in the complaint. The jury were not instructed that they were limited to any other sum than that stated by the complaint. The evidence had taken a wide range and had covered numerous items. The jury must have exercised their prerogative of weighing the evidence. If passion and prejudice and not the evidence controlled them, it may well be asked why they did not return the full amount alleged in the complaint. We think the amount returned by them, in view of the entire record and of the concession made by counsel, should be regarded as no more than a mistake, and that the court cured the mistake when it corrected the amount. The verdict being within the issues, and it not manifestly appearing that the jury were controlled by prejudice, the mistake became one of law on the part of the jury. The evidence was very conflicting respecting the amounts of items that should be charged to appellants. The jury believed and found that respondent was entitled under the evidence to recover a sum less than that claimed in the complaint, but not being instructed on the point, they misapprehended their duty under the law as to the amount they should actually return in view of the concession of counsel. Under such circumstances, the verdict may well be attributed to a mistake of judgment, free from unfair intent, and a new trial is not necessary in order that the correction of such mistakes of the jury may be effected. *Argentine v. Bender,* 71 Kan. 422, 80 Pac. 935; *Blum v. Edelstein,* 20 Colo. 408, 79 Pac. 301.

It is also contended that the verdict as reduced is not sustained by the evidence. It is true the appellants by their evidence claimed credits for items which in the aggregate would more than offset the amount of the verdict even as

rendered by the jury. These were disputed, however. If these claimed credits should not have been allowed, then under the evidence respondent was manifestly entitled to recover. It became the duty of the jury to pass upon the weight or preponderance of the evidence. The jury exercised that prerogative, and the verdict is therefore conclusive. Since we find no reversible error in the record, the judgment is affirmed.

CROW, MOUNT, DUNBAR, and RUDKIN, JJ., concur.