### SHOTLAND v. MULLIGAN.

(Supreme Court, Appellate Term.　March 10, 1910.)

LANDLORD AND TENANT (§ 308*)—DISPOSSESSION PROCEEDINGS—PERSONAL NOTICE—SERVICE.

> Where, in dispossession proceedings, the landlord failed to prove personal service, or the giving of the statutory three days' notice, as required by Code Civ. Proc. § 2231, he was not entitled to recover.

> [Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 308.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Paul Shotland against Delia Mulligan. From a final order in dispossession proceedings in favor of plaintiff, defendant appeals. Reversed, and proceedings dismissed.

See, also, 121 N. Y. Supp. 298.

Argued before SEABURY, GUY, and WHITNEY, JJ.

Duncan & Duncan, for appellant.

Gates Hamburger, for respondent.

PER CURIAM. This is an appeal by the tenant appellant from a final order entered in a Municipal Court in favor of the landlord, in a summary proceeding to recover possession of premises. The defendant was in possession under a written lease, which covenanted to "install a steam-heating system and hot-water supply, and to furnish

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

steam heat as the same may be needed and hot water the year round."
The answer is a general denial, and the defendant also seeks to counter-
claim damages alleged to have been sustained by defendant by reason
of plaintiff's failure to fulfill this covenant.

The landlord failed to prove personal service, or the giving of the
statutory three days' notice, as required by section 2231 of the Code of
Civil Procedure. "This being a summary proceeding, it is necessary
that the provisions of the statute should be strictly followed." Beach
v. McGovern, 41 App. Div. 381, 58 N. Y. Supp. 493. See, also, Bloom
v. Huyck, 71 Hun, 252, 25 N. Y. Supp. 7.

Final order reversed, with costs, and proceedings dismissed.