[No. 22355. Department One. July 17, 1930.]

MARIJA STEMPEL, *Appellant*, v. OREGON LIFE INSURANCE
COMPANY, *Respondent*, ANDY GORJUP,
*Defendant*.[1]

*Bert D. Richards*, for appellant.
*Kerr, McCord & Ivey*, for respondent.

TOLMAN, J.—This is an action upon a policy of life
insurance brought by the beneficiary named in the
policy. The defendant Oregon Life Insurance Com-
pany defended upon the ground that the insured com-
mitted suicide within one year from the date of the
issuance of the policy, and that, under the terms of the
policy, in such an event, the company was liable only
for premiums actually paid. The premiums paid were
tendered into court.

The cause was tried to the court sitting without a
jury, resulting in findings and conclusions favorable
to the defendant and a judgment based thereon, deny-
ing any recovery to the plaintiff above the amount
tendered, and directing that the defendant's costs be

[1]Reported in 290 Pac. 222.

paid from the money tendered into court, and that the remainder be paid to the plaintiff. From this judgment, the plaintiff has appealed.

The first assignment of error is addressed to those proceedings in the court below which resulted in a denial of a jury trial. A note of issue, or a note for trial, as it is called, was prepared and filed by the respondent putting the case upon the calendar for setting. On June 29, 1929, the day for setting the calendar, the case was, by the presiding judge, set for trial on September 25, 1929. There is a dispute of fact as to whether appellant's attorney had due notice, or any notice, of the making and filing of the note for trial, or that the case would, on June 29, be called for setting. There is also a dispute of fact as to whether or no appellant's attorney was present in the court room when the case was so set, and then knew of the date fixed for the trial. It is admitted, however, that appellant's attorney received a notice from the clerk of the court about July 5, 1929, advising him that the case had been so set, yet, notwithstanding that notice, he did not move to have the setting vacated or make any demand for a jury trial until four days before the day set for trial, when, apparently, witnesses had been subpoenaed, the defendant was prepared for trial and the vacation and resetting of the cause for trial to a jury would have caused hardship, delay and expense.

While, perhaps, the trial court might have granted the motion on terms, and, if the motion had been timely made, should have done so, perhaps without terms, yet, in view of the situation created by the long delay in bringing the matter to the attention of opposing counsel and the court, we cannot say that the trial court abused his discretion in denying the motion. Such matters are peculiarly within the discretion of the trial court, especially where the facts are disputed,

and we can grant relief only where there is manifest abuse of discretion. There being no such manifest abuse here shown, we cannot interfere.

The only other question raised is one of fact as to whether the insured met an accidental death, or intentionally ended his own life. The trial court found:

"That the said John Lozar committed suicide on the said 17th day of August, 1928, in the following manner, to wit: He did on said date, at approximately the hour of two o'clock in the afternoon, voluntarily and intentionally prostrate himself and place his head upon the railroad track of the Northern Pacific Railway Company at a point on the railroad track of the said company between the city of Seattle and the city of Auburn directly in front of an oncoming train of the said Northern Pacific Railway Company, with the intention and voluntary purpose of being struck, run over and killed by said train, and that the said John Lozar was in fact at said time and place struck, run over and killed by said train as a result of his voluntary action and intention."

We have examined and weighed all of the evidence, and, making due allowance for the presumption against suicide, bearing fully in mind the lack of any apparent motive and not forgetting the inconsistencies and conflicts in the evidence, still we are unable to say that the trial court, who heard and saw all of the witnesses, was in error in believing, in the main, the testimony of the only eye-witness of the death and of the actions of the deceased which immediately preceded his death.

Under the record, we cannot say that the trial court reached an incorrect conclusion upon the facts.

The judgment is affirmed.

MITCHELL, C. J., PARKER, BEALS, and MILLARD, JJ., concur.