[No. 22592. Department One. November 3, 1930.]

ANNE DAVIS, *Respondent*, v. G. L. FALCONER *et al.*,
*Appellants.*[1]

*Poe, Falknor, Falknor & Emory, C. M. Langhorne,*
and *Hayden, Langhorne & Metzger,* for appellants.
*Howard Carothers,* for respondent.

MAIN, J.—This action was brought to recover damages for personal injuries. The cause was tried before the court and a jury, and a verdict in favor of the plaintiff in the sum of six thousand dollars was returned. The defendants moved for judgment notwithstanding the verdict, and for a new trial, both of which

[1]Reported in 292 Pac. 424.

motions were overruled. Judgment was entered against the defendants North Coast Transportation Company and G. L. Falconer in the sum of six thousand dollars, and against the U. S. Inter-Insurance Association in the sum of five thousand dollars. From the judgment thus entered, the defendants appeal.

Only a brief summary of the facts is necessary to present the questions to be determined. The North Coast Transportation Company operates automobile busses between Seattle and Tacoma; G. L. Falconer was one of its drivers. January 5, 1929, two busses left the Seattle station for Tacoma, and traveled over the highway which passes through the town of Des Moines. As the highway approaches this town from the north, traveling from Seattle to Tacoma, it makes a curve to the right a short distance before it reaches Des Moines. As the first bus was rounding this curve, it was met by an automobile driven by Thomas J. Casey. As the two vehicles were passing each other, the automobile which Mr. Casey was driving went into the railing on the side of the road to his right, turned to the left, and collided with the second bus which was following a short distance behind the first. The respondent was a passenger in the second bus, and when the collision occurred between the two vehicles, she was thrown from her seat and sustained injuries for which she seeks recovery.

The respondent's theory of the case is that the busses were traveling at an excessive rate of speed, and that the first bus, as it rounded the curve meeting the Casey car, was over the center of the pavement to the left, and that this caused the Casey car to strike the rear of that bus, hit the railing, and then collide with the second bus. The theory of the appellants is that the busses were traveling at a reasonable rate of speed, that the first bus was not over the center of the pave-

ment, and that the Casey car first struck the railing before coming in contact with either of the busses. It is admitted in the brief of the appellants that there was ample evidence to support the respondent's version of the accident, and that the question of fact presented was for the jury.

It is first contended that the court erred in trying the case to a jury. At the time the case was set for trial, the respondent's counsel served upon counsel for the opposite side a demand for a jury, and filed the same as required by law. The jury fee was not paid until sometime later and a few minutes before the case was called for trial. The appellants objected to a jury trial, claiming that it had been waived because the statutory requirements had not been complied with. Over their objection, as already indicated, the court directed that a jury be impaneled and sworn to try the cause.

Section 21, of art. I, of the constitution of this state provides that "the right of trial by jury shall remain inviolate," but that the legislature may provide for waiving of a jury in civil cases. In 1903 the legislature passed an act (chap. 43, Laws of 1903, p. 50), to the effect that, in all civil actions triable by a jury in the superior court, any party to the action may, at or prior to the time the case is called to be set for trial, serve upon the opposite party or his attorney, and file with the clerk of the court, a statement that he elects to have the case tried by jury, and unless such statement is served and filed, the parties "will" be deemed to have waived a trial by jury. Under this statute it was repeatedly held that it was within the discretion of the trial court to permit a demand for a jury to be made after the case was called to be set for trial, or to submit the issues of fact in a case to a jury of its own motion. *Knapp v. Order of Pendo,* 36 Wash. 601, 79

Pac. 209; *Fleming v. Wilson,* 39 Wash. 106, 80 Pac. 1104; *Sholin v. Skamania Boom Co.;* 56 Wash. 303, 105 Pac. 632, 28 L. R. A. (N. S.) 1053.

In 1909 the act of 1903 was amended (Rem. Comp. Stat., § 316) in two material particulars, and aside from these the word "shall" was used in the same connection that the word "will" was used in the act of 1903. In *Peterson v. Arland,* 79 Wash. 679, 141 Pac. 63, it was held that the amendment of the act of 1903, providing that the parties will be deemed to have waived a jury trial unless demand be made and the fee paid, to read "shall be deemed" could not be construed as intending to make the demand and prepayment of the fee mandatory. It may be that, in the course of the opinion in that case, the court improvidently referred to another section of the statute, which has since been repealed, but aside from this it was the evident intention of the court in that case to hold that under the amended act the trial court had the same discretion as under the act of 1903.

In *Stempel v. Oregon Life Ins. Co.,* 157 Wash. 678, 290 Pac. 222, the case was tried to the court without a jury, and upon appeal it was contended that the court had abused its discretion in so doing, but this contention was not sustained. It was there said:

"While, perhaps, the trial court might have granted the motion on terms, and, if the motion had been timely made, should have done so, perhaps without terms, yet, in view of the situation created by the long delay in bringing the matter to the attention of opposing counsel and the court, we cannot say that the trial court abused his discretion in denying the motion. Such matters are peculiarly within the discretion of the trial court, especially where the facts are disputed, and we can grant relief only where there is manifest abuse of discretion. There being no such manifest abuse here shown, we cannot interfere."

The fact that the conditions of the statute as to demand and prepayment of the jury fee may not have been complied with in the case now before us did not give the appellants a vested right to have the case tried without a jury. The waiver provided for by statute if the conditions are not performed is not equivalent to a stipulation between the parties. Even though the word "shall" is used in the act of 1909 in place of the word "will" in the act of 1903, this does not evidence a legislative intention that the act should be construed as mandatory. Had the legislature so intended, it would have been easy to have so expressly provided. The question is one which rests in the sound discretion of the trial court, and in the absence of abuse, the exercise of that discretion will not be disturbed. In the present case, there was no abuse of discretion in permitting a trial by jury.

It is next contended that the court erred in submitting the cause to the jury. In this connection, it is said that the complaint charges specific acts of negligence, and that, under the instructions given, the case was submitted to the jury as though general negligence had been charged in the complaint. Instruction No. 7 informed the jury as to the degree of care imposed by law upon the stage company, and then stated that, if it failed to exercise this degree of care, it was liable in damages for "any injuries" which the respondent sustained as the natural and proximate result thereof. In instruction No. 8, the court advised the jury as to the relation existing between the stage company and its drivers, and stated that the company would be responsible for any negligence on the part of its drivers. These instructions correctly state the law, and were given as preliminary to the instructions which covered the facts of the case.

In the instructions given subsequent to Nos. 7 and 8, the jury were specifically told that, if they found certain facts, the verdict should be in favor of the respondent, and that if they found certain other facts, the verdict should be for the appellants. The instructions, when they are read in their entirety, are clear and explicit, and the jury could not possibly have been misled by the use of the expression "any negligence," as it appears in instructions Nos. 7 and 8. Some mention is made of instruction No. 1, but no exception was taken to that instruction and it is not here for review. The court did not err in its instructions submitting the case to the jury.

It is next contended that the court erred in refusing to give requested instruction No. 5. Assuming, without so deciding, that the exception to the failure to give this instruction was sufficient to bring it here for consideration, there was no error in its refusal. This requested instruction was to the effect that, as a matter of law, the respondent had failed to produce any evidence as to the speed of either of the automobile busses contributing in any way to the accident, and that the jury should entirely disregard the matter of speed. In instruction No. 12 which was given, the jury were told that, if they found from the evidence that the automobile bus which first met the Casey car was to the right of the center of the highway, then the speed at which the busses were being driven had nothing whatever to do with the accident, and in that event the jury should entirely disregard all testimony as to speed. The instruction given was correct under the facts of this case, and was as favorable to appellants as they were entitled to. It cannot be successfully contended as a matter of law that, if an automobile bus rounds a curve at an excessive rate of speed and passes over the

center of the pavement, the speed had nothing to do with its getting over the center thereof.

The judgment will be affirmed.

MITCHELL, C. J., PARKER, TOLMAN, and HOLCOMB, JJ., concur.