[No. 26141. Department Two. December 28, 1936.]

E. A. NIEMEIER, *Respondent*, v. L. N. ROSENBAUM, *Appellant*.[1]

[1]Reported in 63 P. (2d) 424.

2

*Koenigsberg & Sanford,* for appellant.

*Wright, Jones & Bronson* and *Story Birdseye,* for respondent.

Beals, J.—Plaintiff, suing on an account assigned to him by the firm of Bronson, Jones & Bronson, lawyers of Seattle, brought this action against defendant, asking a judgment on account of legal services rendered by his assignor. The complaint alleged the performance by the firm of attorneys of legal services for defendant and at his request, in one paragraph stating that such services were of the reasonable value of $893, which sum defendant promised to pay, and in the next paragraph alleging an account stated in the sum of $868, and that the account through error failed to include one item in the sum of twenty-five dollars. After pleading the assignment of the account to plaintiff, and a credit of fifty dollars, plaintiff prayed for judgment in the sum of $843, with interest.

Defendant moved that plaintiff be required to. elect whether he would stand upon that portion of his complaint alleging the reasonable value of the services or upon the account stated, which motion was denied. Defendant then answered, denying any indebtedness

to plaintiff or his assignor, and affirmatively pleading the statute of limitations. He also pleaded that the fifty dollar payment credited by plaintiff constituted a full settlement of all sums due from defendant, and that no account had ever been stated between the parties.

After the filing of a reply to the affirmative allegations of the answer, the cause came on regularly for trial before the court, and after a hearing, resulted in findings of fact in favor of plaintiff, followed by conclusions of law and a judgment in plaintiff's favor for the sum of $743, from which judgment defendant has appealed.

Error is assigned upon the refusal of the trial court to grant appellant's demand for a jury trial; upon the ruling of the trial court reopening the case after a motion to dismiss interposed by appellant when respondent rested; upon the refusal of the trial court to vacate and set aside the judgment; and upon the denial of appellant's motion for a new trial.

In the first place, appellant complains of the refusal of the trial court to grant him a jury trial. The action was commenced during the month of April, 1934, appellant, who resides in New York, having entered his appearance therein through local counsel May 31st following. During the month of May, 1935, the cause was noted for trial, during the absence of the member of the firm of attorneys employed by appellant who particularly had the case in charge. The demand for a jury trial was filed July 19, 1935, and at the same time the jury fee was deposited in the office of the clerk of the superior court. After a hearing, the trial court denied appellant's demand for a jury trial, and the action was heard as a non-jury case.

Under the circumstances disclosed by the record, it cannot be held that the trial court abused its discre-

tion in refusing a jury. As we said in *Davis v. Falconer*, 159 Wash. 230, 292 Pac. 424, in discussing a question similar to the point raised here,

"The question is one which rests in the sound discretion of the trial court, and in the absence of abuse, the exercise of that discretion will not be disturbed."

In the case cited, a jury trial was awarded, but the same rule should be applied in the case at bar. Under the rules, appellant did not seasonably demand a trial by jury, and in denying a late demand for such a trial, the court did not abuse its discretion.

Appellant next contends that respondent should not have prevailed in the action because the attorneys composing the firm which represented appellant (respondent's assignor) had not paid their respective registration fees as the same were then due under the law at the time the services to appellant were rendered, and that the judgment should therefore have been vacated. This question was considered in the case of *Smith v. Kneisley*, 184 Wash. 26, 49 P. (2d) 916, and in the opinion on rehearing (187 Wash. 278, 60 P. (2d) 14), it was in effect held that the failure of an attorney to pay such a registration fee would not preclude him from maintaining an action for legal services rendered.

Respondent having rested his case, appellant moved to dismiss, arguing that respondent's evidence failed to support his contention that an account had been stated between the parties, respondent having not introduced evidence upon the other theory of his complaint, to-wit, the reasonable value of the services performed. The trial court indicated its opinion that an account stated had not been proven as to most of respondent's claim, whereupon respondent's counsel moved to reopen the case for the purpose of showing the reasonable value of the services rendered. Over

the strenuous objection of appellant's counsel, this motion was granted, and appellant assigns this ruling as reversible error.

Appellant admits in his brief that a trial court has some discretion in such a matter as that now under discussion, but contends that, in this instance, such discretion was abused. Of course, as argued by appellant, the evidence which respondent asked leave to introduce, and which the court later permitted him to introduce, was neither newly discovered nor inadvertently omitted. Appellant also argues that he was not afforded an opportunity to rebut such testimony, but does not contend that he requested a continuance, and we find no basis in the record for holding that appellant's case was in any way prejudiced by the ruling of the court.

In passing upon a motion to reopen a case for further evidence, a trial court is vested with a large discretion. Here the application was made before appellant had introduced any evidence. Respondent had, in his complaint, clearly indicated that he relied both upon an account stated and upon a *quantum meruit*. True, he rested his case without introducing much evidence on the latter theory, but it must be held that the trial court, in the exercise of its wide discretion, did not commit reversible error in granting respondent leave to reopen the case and introduce evidence upon the reasonable value theory. *Carmack v. Drum*, 27 Wash. 382, 67 Pac. 808; *Richardson v. Agnew*, 46 Wash. 117, 89 Pac. 404; *Garey v. Pasco*, 89 Wash. 382, 154 Pac. 433; *American Surety Co. v. Heether*, 131 Wash. 73, 228 Pac. 857; *Edmonds v. Longview, Portland & N. R. Co.*, 137 Wash. 254, 242 Pac. 19.

Appellant assigns error upon the denial by the trial court of his motion for a new trial, contending that, for several reasons, this motion should have been

granted. In the first place, it is argued that, as certain of the legal services on which this action was based were rendered prior to the death of Mr. Ira Bronson, the senior member of the firm of Bronson, Jones & Bronson, and as no administration of the partnership estate was had, the assignments of the cause of action to respondent, which were introduced in evidence, were insufficient in law to vest respondent with sufficient interest in the subject matter of the action to maintain the same, in so far as the services now under discussion were concerned, and that respondent's proof to that extent failed. The trial court found that, after Mr. Ira Bronson's death, the firm of Bronson, Jones & Bronson assigned to plaintiff all its interest in the account against appellant, and that thereafter, during the trial, in fact, R. E. Bronson, individually and as executor of Mr. Ira Bronson's will, and H. B. Jones executed another assignment to respondent.

Under Rem. Rev. Stat., § 1458 [P. C. § 9970], an independent administration of partnership property is unnecessary, and will not be had unless, within a limited time, a surviving partner applies for letters thereon. It does not appear that any such proceeding was had after Mr. Bronson's death. Examination of the record convinces us that respondent had sufficient title to the account to authorize him to maintain this action, and that the trial court properly held against this contention urged by appellant.

One item of the account was based upon services rendered by Mr. H. B. Jones in connection with matters concerning a building in the city of Yakima. Appellant argues that the evidence does not show that either Mr. Jones or his firm was ever employed by appellant in connection with this matter, and that no allowance should have been made based upon any such

services. The evidence in this connection was in dispute, but the trial court found that the services were rendered pursuant to an employment by appellant. In our opinion, the evidence preponderates in favor of the finding of the trial court, and we find no error therein.

■ Appellant, testifying by deposition, narrated certain conversations between himself and the late Ira Bronson. At the trial, on the deposition being read, objections interposed by respondent to certain of these conversations were sustained, and this ruling is assigned as error. Appellant argues that this testimony, which concerned only a portion of the claim represented by respondent, should have been admitted as constituting admissions against Mr. Bronson's interest.

Appellant's testimony is in the record, and we have carefully examined the same. This examination convinces us that the record in this connection shows no error prejudicial to appellant. The testimony, if competent, could not have changed the result, as the record, even considering the rejected testimony, preponderates in favor of the conclusion reached by the trial court.

Finding no error in the record, the judgment is affirmed.

MITCHELL, TOLMAN, and HOLCOMB, JJ., concur.

MILLARD, C. J. (concurring in the result)—I concur in the result. I do not agree that we held in *Smith v. Kneisley,* 187 Wash. 278, 60 P. (2d) 14, that the failure of an attorney to pay the required registration fee would not preclude maintenance by him of an action for legal services rendered. I recall that it was decided to base the *En Banc* opinion on the ground that the evidence preponderated against the findings of the trial court in favor of the plaintiff.