INGRAM, Presiding Judge.
On April 21, 1989, Donald R. Proctor (defendant) was served with a summons and complaint filed by James D. Garrison (plaintiff). The defendant answered with a *1209 general denial, in which he demanded a jury trial. However, the defendant failed to pay to the clerk of the court the cost of a jury demand, as provided in § 12-19-71, Ala.Code 1975, at the time of filing. Consequently, in October 1989, the case was docketed for a nonjury trial on January 4, 1990. On January 3, 1990, the defendant, after learning that the jury demand fee had not been paid, tendered the fee to the clerk and filed a motion requesting that the trial court continue the case from the nonjury trial docket to the jury trial docket. The trial court continued the case until February 15, 1990; however, the defendant’s request to remove the case to the jury docket was denied.
At trial, the plaintiff was awarded a default judgment against the defendant as a result of the defendant’s refusal to appear personally or to be represented by counsel at the proceedings. Following the judgment, the defendant filed a motion for a new trial, asserting that the trial court committed reversible error in denying the defendant his right to a trial by jury. The motion for a new trial was denied. The defendant appeals.
The only issue raised by the defendant in this appeal is whether the trial court erred in refusing to grant a jury trial. The defendant contends that the trial court’s refusal to allow a jury trial in this case violates his constitutionally guaranteed right to a trial by jury.
Initially, we note that the issue confronting us here is apparently one of first impression for the appellate courts of this state. Rule 38 of the Alabama Rules of Civil Procedure provides the procedure for preserving the right to a jury trial, while § 12-19-71 provides that the cost of a jury demand is $50.00, which is to be paid at the time the jury is demanded. However, neither the rule nor the statute provides guidance in the ease where, as here, the jury demand is timely made, but the requisite fee is not paid until a period of several months has elapsed.
As a general rule, statutes prescribing the particular time for paying the jury demand fee have been construed as being merely directory, and the court may in its discretion allow such payment to be made later. Furthermore, it is error for the court to refuse to allow the jury trial, where no delay or prejudice to the rights of the adverse party would be occasioned thereby. 50 C.J.S. Juries § 106 (1947).
A review of decisions on this point from other jurisdictions reveals that in the overwhelming majority of cases the jury trial was allowed, even though the fee for the jury demand was not paid at the time provided by statute or prior ease law. E.g., Holrod Assoc, v. Tomanovitz, 117 Misc.2d 371, 458 N.Y.S.2d 156 (N.Y.Civ.Ct.1982); Ledman v. GAC Fin. Corp., 213 A.2d 246 (D.C.1965); Davis v. Falconer, 159 Wash. 230, 292 P. 424 (1930); Hemann v. Hemann, 251 S.W. 313 (Tex.Civ.App.1923).
Perhaps, however, the most well-reasoned approach to the issue in question was taken by the Texas Court of Civil Appeals in Aronoff v. Texas Turnpike Auth., 299 S.W.2d 342 (Tex.Civ.App.1957). The Aronoff court opined that a party may not be denied a jury trial even though he may have been delinquent in paying the jury fee if: (1) to grant a jury trial will not operate to injure the adverse party; and (2) to grant a jury trial will not disrupt the court’s docket or seriously interfere with and impede the ordinary handling of the court’s business.
In the ease at bar, the plaintiff alleges that he would be injured by the grant of a jury trial, because since the inception of this lawsuit he has prepared for a nonju-ry trial. However, the defendant’s timely demand for a jury trial placed the plaintiff on notice of the fact that he could no longer rely on the assumption that the case would be tried without a jury. Furthermore, there is nothing in the record to indicate that the grant of a jury trial in this case would have seriously disrupted the court’s docket. As noted above, the trial court granted the defendant’s motion to continue the case. It is clear to us that at the same time at which this case was continued, it would have caused no further *1210 disruption or delay if the case had been removed to the jury docket.
We further note that our decision that the trial court erred in not granting a jury trial under these circumstances is in accord with the admonition by our supreme court that:
“[t]he right to a trial by jury is strongly engrained in our legal heritage and is protected by Section 11 of Article I, of the Constitution of Alabama 1901. In addition, it is the intention of Rule 38(a), ARCP, that nothing in the Alabama Rules of Civil Procedure abridges this fundamental right as declared by our Constitution and by statute.”
Mobley v. Moore, 350 So.2d 414, 416 (Ala.1977).
In light of the above, we find that the trial court erred in refusing to grant the defendant a jury trial under the circumstances of this case. Therefore, the decision of the trial court is reversed and the cause remanded with instructions to set aside the default judgment that was previously entered against the defendant and grant the defendant’s request for a jury trial.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON and RUSSELL, JJ., concur.