[No. 14877.   Department One.   July 16, 1918.]

THE STATE OF WASHINGTON, *on the Relation of Dorothy Alden De Bit, Plaintiff*, v. THE SUPERIOR COURT FOR KING COUNTY, *Ben Sheeks, Judge, Respondent*.[1]

INFANTS—CUSTODY OF DELINQUENTS—POWERS OF COURT—MODIFICATION OF ORDER. A conditional order for the custody of a delinquent child, reserving control of the child in the court for one year, may be modified upon reasonable notice within the year, without the necessity of summons or notice required by statutes relative to the modification of judgments.

Application filed in the supreme court June 14, 1918, for a writ of prohibition to prevent the superior court for King county, Sheeks, J., from entering an order modifying a decree respecting the custody of a minor. Denied.

*J. H. Templeton*, for relator.

*L. F. Chester*, for respondent.

PARKER, J.—The relator seeks a writ of prohibition from this court prohibiting the superior court for King county from entering an order modifying its former order conditionally awarding the custody of the minor nine-year old child of the relator and Rudolph H. Gerber, her former husband, to the latter.

[1]Reported in 173 Pac. 1014.

In December, 1917, the child had been, by order of the superior court for King county, placed in charge of the Holy Names Academy, of Seattle, as a ward of the court. While the record before us is not specific as to the cause of the placing of the child in the charge of the academy, the record, read in the light of argument of counsel, warrants the assumption that the child was being dealt with and held as a dependent child by the juvenile department of the superior court for King county. While the child was so in charge of the academy, the father, Rudolph H. Gerber, commenced habeas corpus proceedings in the superior court for King county, seeking the child's custody. Thereupon the mother, this relator, intervened in that proceeding, and the controversy thereupon became one between the father and mother as to which, if either, was entitled to the custody of the child. That proceeding resulted in an order which, omitting its formal parts and recitals, reads:

"It Is Therefore Ordered, Adjudged and Decreed by the court that the care, custody, education and maintenance of said child Anael Gerber be and the same is hereby awarded to its father, Rudolph H. Gerber, the petitioner, and that said Holy Names Academy and Normal School be and it is hereby ordered and directed to surrender said child to said petitioner.

"It is further ordered that prayer of intervener, Dorothy Alden De Bit, be and the same is hereby denied.

"It is further ordered by the court that said child be kept here in the city of Seattle for the period of one (1) year from the date hereof, after which time the father may, if he desires, petition this court for permission to remove said child, the determination of which is postponed until the question arises.

"It is further ordered that the mother of said child, Dorothy Alden De Bit, be and the privilege is hereby granted to visit said child as often as twice a week within reasonable hours and for a reasonable time.

"This decree shall be and remain in full force and effect unless otherwise ordered by this court, upon some conditions or contingency hereafter justifying or requiring a modification hereof."

On May 18, 1918, the father, Rudolph H. Gerber, moved the superior court for a modification of that order in so far as it required him to keep the child in the city of Seattle for one year. The motion was made in the original habeas corpus proceedings, which, as we have noticed, had become a controversy between the father and mother for the custody of the child. The motion was, by the court, set for hearing on June 4, 1918, and the mother, this relator, was notified in writing of such hearing more than ten days prior thereto. This notice was not in the form of a summons, nor was it given more than twenty days prior to the hearing, nor is it pretended that the proceeding seeking modification of the order is a new and independent proceeding. On the day of the hearing, the mother appeared specially and objected to the jurisdiction of the court to hear and determine the allegation and prayer of the motion made by the father. This challenge to the court's jurisdiction being overruled, the judge proceeded to hear the matter upon the merits, at the conclusion of which he announced his intention to modify the decree in so far as it required the father to keep the child in the city of Seattle for the time specified in the order, which modification would enable the father to take the child away from the city of Seattle to his home in California, where apparently he intends to take it when permitted by the court to do so. This application to prohibit the superior court from so modifying its order was thereupon made.

Counsel for relator contends that the superior court had no jurisdiction to modify its order awarding the custody of the child to the father and relieve him from

the duty of keeping it in the city of Seattle for the period of one year. Counsel proceeds upon the theory that the order sought to be modified was a final order and became *res adjudicata* of all the matters therein determined, and that, therefore, its modification in no respect could be sought or obtained other than in the manner provided in our statutes relating to the modification and vacation of judgments. We cannot agree with this contention. In view of the fact that the child was the ward of the superior court for King county as a dependent child when it was conditionally awarded to the father, and in view of the language of the order which manifestly reserves control of the child in the court for one year, we think the jurisdiction of the court was continuing, enabling the court to make such order relative to the child's custody and residence as it deemed wise, which order could be made either in the original juvenile court proceeding or in the habeas corpus proceedings, which, in effect, also became a juvenile court proceeding. It follows that notice or summons as required by our statutes relative to the modification of judgments was not required, and that the jurisdiction of the superior court was such that any reasonable notice to the relator, the mother, enabling her to be heard upon the disposition of the motion for modification was sufficient. We are quite clear that the notice given her in this case was sufficient. Rem. Code, § 1987-15. *State ex rel. De Bit v. Mackintosh,* 98 Wash. 438, 167 Pac. 1090.

We conclude that the writ must be denied. It is so ordered.

MAIN, C. J., MITCHELL, TOLMAN, and FULLERTON, JJ., concur.