[No. 15696. Department Two. August 23, 1920.]

Eugene R. McClain *et al., Appellants,* v. The Superior Court for Chelan County, *Wm. A. Grimshaw, Judge, Respondent.*[1]

Adoption—Infants (3)—Custody of Delinquents—Jurisdiction of Courts—Statutes—Construction. The superior court has jurisdiction to hear a petition for the adoption of a child after its permanent custody was awarded to a society by order of the juvenile court, with power to consent to adoption of the child, as provided by Rem. Code, §§ 1987-1, 1987-9, 1987-10 and 1700, notwithstanding the juvenile court act provides for the continuing jurisdiction of the court, since the juvenile court intended and had power to completely release itself of jurisdiction over the child.

Appeal from an order of the superior court for Chelan county, Grimshaw, J., entered October 30, 1919, denying a petition for the adoption of a minor. Reversed.

*L. J. Nelson* and *Herman Howe,* for appellants.

Bridges, J.—In August, 1918, Mollie Hodel became a ward of the juvenile court of Clarke county, Washington. In January, 1919, that court awarded the temporary custody and control of the child to the Washington Children's Home Society, of Seattle, Washing-

[1]Reported in 191 Pac. 852.

ton. In March, 1919, the juvenile court made a judgment ordering that the said minor "be and hereby is committed to the permanent custody of the Washington Children's Home Society, of Seattle, Washington, and the said society is hereby authorized and empowered to consent to the adoption of the said child by such person or persons as shall, by the said society, be found competent and desirous of so doing." Thereafter the society entrusted to the appellants Eugene R. McClain and Minnie G. McClain, his wife, the temporary care, custody and control of the child. The appellants are residents of Chelan county, Washington. In August, 1919, they presented to the superior court of that county their petition for the adoption of said minor. The petition for adoption recited, in substance, the facts here set out, and attached thereto was the written consent of the Washington Children's Home Society for the legal adoption of the child by the appellants. Thereafter the father and mother of the child were duly brought into the adoption proceedings by publication of notice, as provided by law in such cases.

On October 30, 1919, the Chelan county court, upon reading the petition for adoption, made an order dismissing the petition for want of jurisdiction, such order being in part as follows:

"The court now finds from said petition that it is without jurisdiction to grant the relief prayed for, for the reason that the juvenile court of Clarke county, Washington, has continuing jurisdiction of said Mollie Hodel, a minor child; for which reason the court declines to consider or pass upon the said petition. It is therefore ordered, adjudged and decreed that said petition be and the same is hereby denied. . . ."

The appeal is from this order.

The only question for our determination is whether the superior court of Chelan county has jurisdiction to hear this petition.

Section 1987-1, Rem. Code, being a part of the juvenile court law, provides that, for the purpose of the act, all delinquent and dependent children within the state shall be considered wards of the state, and their persons shall be subject to the custody, care, guardianship and control of the court. Section 1987-8 provides that the juvenile court may at any time make an order committing any delinquent or dependent child

"to some suitable institution, or to the care of some reputable citizen of good moral character, or to the care of some training school or industrial school as provided by law, or to the care of some association willing to receive it, embracing in its objects the purpose of caring for or obtaining homes for dependent, neglected or delinquent children; provided such order may be temporary or permanent in the discretion of the court, and may be revoked or modified as the circumstances of the case may thereafter require."

Section 1987-9 provides that, where the court shall award a child to any such person or association, such child shall become the ward and subject to the guardianship of such association or person, and that "such association shall have authority, with the assent of the court, to place such child in a family home, either temporarily or for adoption." This section further provides that the court may, under certain circumstances, make a decree of adoption transferring to any suitable person all the rights of the parent or guardian to such child, and that

"The jurisdiction of the court shall continue over every child brought before the court, or committed pursuant to this act, and the court shall have power to order a change in the care or custody of such child, if at any time it is made to appear to the court that it

would be for the best interests of the child to make such change."

Section 1987-10 provides, among other things, that,

"After acquiring jurisdiction over any child, the court shall have the power to make an order with respect to the custody, care or control of such child, or any order, which in the judgment of the court, would promote the child's health and welfare. . . . Or the court may commit the child to the care and custody of some association that will receive such child, . . ."

Section 1987-14 provides that the act shall be liberally construed to the end that its purpose may be carried out, and that,

"In all cases where it can be properly done, the dependent or delinquent child, as defined in this act, shall be placed in an approved family and may become a member of the family by adoption or otherwise."

Section 1987-15 provides that

"Any order made by the court in the case of a dependent or delinquent child may at any time be changed, modified or set aside, as to the judge may seem meet and proper."

Section 1700, Rem. Code, provides that

"Any benevolent or charitable society, incorporated under the laws of the state for the purpose of receiving, caring for, or placing out for adoption, or improving the condition of orphaned, homeless, neglected or abused minor children, . . . shall have authority to receive, control and dispose of children under eighteen years of age . . ."

and that such corporation shall have authority to consent to the adoption, under the laws of the state of Washington, of such child.

The purpose of the juvenile court act is the welfare of dependent or delinquent children, and its various provisions should be construed with that purpose in

view. In the instant case, the juvenile court of Clarke county awarded this child permanently to the Washington Children's' Home Society, with authority and power to consent to its adoption by any suitable person. To hold that, by this act, the juvenile court did not release all of its jurisdiction over the child would be, in substance, to hold that such court had no power to release its jurisdiction during the minority of the child. Such a construction would, it seems to us, manifestly be in violation of the spirit and purpose of the act. Certainly, the juvenile court could consent to the legal adoption of its ward or to its marriage, and, under those circumstances, the court must of necessity lose its jurisdiction over the child. If it can do these things and lose its jurisdiction, it can surrender the entire control of the child to a society incorporated for the purpose of receiving such children and finding homes for them. Unquestionably the Clarke county court, by its order giving to the society the permanent custody and care of this child, and authority to consent to its legal adoption, intended thereby to relieve itself of any further obligation to the child and to rid itself of all jurisdiction as a juvenile court over it.

Indeed, the juvenile court laws expressly authorize the court to do the very thing which it has done in this instance, for it is provided that "such association shall have authority, with the consent of the court, to place such child in a family home, either temporarily or for adoption." § 1987-9. The fact that the act provides generally that the court shall not lose jurisdiction, but shall have power and authority to review or rescind any order theretofore made concerning the welfare of the child, does not violate the idea that such court may, if it see fit and under proper circumstances, entirely rid itself of jurisdiction. The idea of the legis-

lature was that the court should retain jurisdiction under all circumstances to administer to the needs and for the protection of the child, but this does not mean that the court may not, in the exercise of its discretion, permanently dispose of the child so as to entirely lose jurisdiction of it. But if the juvenile court has retained jurisdiction and the consent to the adoption must be obtained, we find such consent in the order awarding the child to the society and authorizing it to consent to the adoption by suitable persons.

The case of *State ex rel. De Bit v. Superior Court,* 103 Wash. 183, 173 Pac. 1014, is not contrary to the conclusion to which we have come, for in that case the court made an order for the custody of the child, but reserved jurisdiction of and control over it.

Nor is the case of *In re Chartrand,* 103 Wash. 36, 173 Pac. 728, in point. In that case the child was a ward of the juvenile court of Chelan county, and that court made an order temporarily placing the child in the care, custody and control of the House of the Good Shepherd, in the city of Seattle, Washington. Later the child petitioned the superior court of Chelan county for a writ of habeas corpus. That court refused jurisdiction because the child was no longer within Chelan county. Thereafter a similar petition was presented to the superior court of King county, which held that it was without jurisdiction. On an appeal from both of these judgments, this court held that the Chelan county court had jurisdiction and that the King county court had not.

Nor is the case of *In re Rising,* 104 Wash. 581, 177 Pac. 351, in point.

No decision of this court has been cited, nor have we found one, involving the question here for decision. Our conclusion is that the superior court of Chelan

county has jurisdiction of this petition and that it was in error when it refused to hear it.

The judgment is reversed, and the cause remanded with directions to that court to proceed to the hearing of the petition for adoption.

HOLCOMB, C. J., TOLMAN, MOUNT, and FULLERTON, JJ., concur.