[No. 21882.  *En Banc.*  October 31, 1929.]

THE STATE OF WASHINGTON, *on the Relation of George Norris, Petitioner,* v. W. A. REYNOLDS, *as Judge, Respondent.*[1]

*Gus L. Thacker,* for relator.
*W. E. Bishop,* for respondent.

BEALS, J.—George Norris, petitioner and relator herein, filed in this court an original application for a writ of prohibition directed to Honorable W. A. Reynolds, judge of the superior court for Lewis county, directing him to refrain from proceeding further in a certain probate proceeding pending before the superior court for Lewis county entitled, *"In the Matter of the Estate of Peter Masshoff, Deceased,"* and particularly requiring him to refrain from hearing the petition of Mamie Masshoff praying that letters of administration on said estate be issued to her, upon the ground that respondent had lost jurisdiction to hear Mrs. Masshoff's petition because of an application for a change of venue filed by relator. Upon the filing of

[1]Reported in 281 Pac. 998.

relator's petition in this court, an alternative writ of prohibition was issued, directed to the respondent, fixing a day upon which he should show cause before this court why the writ should not be made permanent. To this writ the respondent has made due return.

The following facts appear from the record before us. Peter Masshoff died February 22, 1929, in Lewis county and, February 28 following, his will was admitted to probate on petition of relator and the appointment of relator as executor thereof was confirmed by the court. Relator's petition praying for the admission of this will for probate was expressly directed to Judge Reynolds as judge of the court in which the petition was filed. The hearing on the petition was held before respondent, who signed the decree admitting the will to probate and appointing relator executor thereof as well as an order appointing appraisers.

March 18, 1929, Mamie Masshoff filed in the probate proceeding her petition alleging, *inter alia,* that she was the widow of Peter Masshoff, deceased, and a resident of Lewis county, Washington, concluding with a prayer that the letters testamentary theretofore issued to respondent Norris be revoked and that an order be entered directing that she administer the estate. March 25 next, respondent signed an order requiring relator to appear at a time therein fixed and show cause why the petition of the widow should not be granted. Petitioner filed an answer to Mrs. Masshoff's petition and, at the same time, moved the court for a change of venue, his motion being based upon an affidavit of prejudice in the usual form. This motion was, after argument, denied, whereupon this proceeding was instituted by relator, who contends that the filing of his affidavit of prejudice divested respondent from further jurisdiction to hear and determine

any issues arising upon Mrs. Masshoff's petition and his answer thereto.

This court, in the case of *State ex rel. Lefebvre v. Clifford,* 65 Wash. 313, 118 Pac. 40, held that the law authorizing changes of venue on the ground of existing prejudice on the part of the judge must of necessity be construed as embodying a legislative intention that the privilege of procuring a change of venue was waived by submitting to the jurisdiction of the court until, by some ruling thereof, the party seeking the change of venue "becomes fearful that the judge is not favorable to his view of the case."

In the case of *State ex rel. Mead v. Superior Court,* 108 Wash. 636, 185 Pac. 628, this court held that, while the application for a change of venue, when timely made, must be granted as matter of right, the timeliness of the application is to be decided by the status of the proceeding at the time the application was made, and that the party desiring the change must make the application at his first appearance in the cause, before the judge presiding has made an order or a ruling involving discretion. In that case, the relator had petitioned the superior court for a modification of a prior order relating to the custody of a minor, and it was held that the application for the issuance of the order to show cause invoked the discretion of the court and that the court, in the exercise of that discretion, might have granted or refused to grant process on such application. It followed that the application for a change of judge, having been made after the application for the issuance of an order to show cause, came too late; and that the motion for a change of venue was properly denied for that reason.

In the case at bar, relator filed his petition, directed to respondent as judge of the superior court, asking for the admission of the will of Peter Masshoff to

probate and for the appointment of relator as executor thereof. A hearing was had before respondent upon this petition, testimony offered by relator in support thereof and the matter submitted to respondent as judge of the superior court for determination. A decree was signed by respondent admitting the will and appointing relator executor thereof. These matters clearly involved the exercise of judicial discretion, and relator, having chosen to submit his petition to respondent, cannot, at a later stage of the proceeding, demand a hearing before another judge upon the ground of supposed prejudice on the part of respondent against relator.

Relator's application for a change of venue was made too late and was for that reason properly overruled. Relator's application for a peremptory writ is denied, and the alternative writ heretofore issued is quashed.

MITCHELL, C. J., MAIN, FULLERTON, PARKER, TOLMAN, FRENCH, and MILLARD, JJ., concur.

HOLCOMB, J., concurs in the result.