[No. 24997. Department Two. March 9, 1934.]

THE STATE OF WASHINGTON, *Respondent*, v. CARL DANHOF, *Appellant.*[1]

[1]Reported in 30 P. (2d) 387.

574

*Everett O. Butts,* for appellant.

*Charles R. Denney,* for respondent.

BLAKE, J.—Upon arraignment, defendant entered a plea of guilty of the crime of manslaughter. Before the plea was entered, however, he was fully informed of his right to representation by counsel, and waived it. Sentence was deferred for three days. At the appointed time, defendant appeared with counsel and interposed two motions: One for change of venue under Rem. Rev. Stat., §§ 209-1 and 209-2; the other for leave to withdraw his plea of guilty and enter a plea of not guilty. The court denied the motions, entered judgment on the plea of guilty, and sentenced defendant to a term in the penitentiary. From the judgment and sentence so entered, defendant appeals, assigning as error the denial of the two motions.

The trial court was of the view that the motion for change of venue was not timely made, and in this we think the court was correct. When the plea of guilty was entered, the trial judge was confronted with the duty of then, or thereafter, entering judgment on the plea and imposing sentence on the appellant. In deferring the performance of that duty, he made a ruling and exercised a discretion necessarily incident to the progress of the cause before him. This action precluded appellant from thereafter availing himself of the right accorded by Rem. Rev. Stat., §§ 209-1 and 209-2. *State ex rel. Lefebvre v. Clifford,* 65 Wash. 313, 118 Pac. 40; *State ex rel. Norris v. Reynolds,* 154 Wash. 232, 281 Pac. 998; *In re Thomas' Estate,* 167 Wash. 127, 8 P. (2d) 963, 80 A. L. R. 819.

██ With respect to the motion for permission to withdraw the plea of guilty, this court has held, in a long line of cases, from *State v. Cimini*, 53 Wash. 268, 101 Pac. 891, to *State v. Stevenson*, 161 Wash. 357, 296 Pac. 1052, that such applications are addressed to the sound discretion of the trial court. In the former case, the court said:

"If the appellant entered his plea without hope or fear, without improper influence or promise, with full knowledge of his legal and constitutional rights and of the consequences of his act, the ruling of the court below should be affirmed. . . . The sole question to be determined under the motion was whether the plea was entered, and if so, was it entered unwittingly, unknowingly, or under misapprehension. When these questions were determined against the accused his guilt was established by the most satisfactory evidence known to the law, a confession in open court."

So our only concern on this point is whether the trial court abused its discretion in denying appellant's motion. No contention is made that appellant was not advised of his right to representation by counsel before his plea was entered. But, he says he entered the plea under the apprehension that he might be charged with the crime of murder in the first degree. This apprehension was aroused by threats to that effect which he alleges were made by the prosecuting attorney and sheriff. Both officers denied that any such threats were made. We think the trial court was fully warranted in concluding that no such threats were made.

██ Appellant further contends that he entered the plea of guilty under a misapprehension of his right to resist the charge on the theory of self-defense. From the facts disclosed by appellant's signed confession and the affidavit of a disinterested eye witness, it appears that appellant made a wanton and unprovoked

assault on the man whom he was charged with killing. Not only does it appear that the deceased was not the aggressor, but apparently he made no effort to defend himself. The trial court was justified in concluding that the appellant was under no misapprehension as to his right to interpose a plea of self-defense.

Finally, it is contended that the victim died from a stroke or heart failure, and not as a result of the blows inflicted by appellant. The evidence is conclusive that death followed immediately, or very shortly after, the assault was made. A post mortem examination developed that the deceased had suffered a "fracture of the lower jaw, bruises over the left jaw and temple region of the head and left ear, hemorrhage of the blood vessels of the brain which caused death." From these facts, the court could hardly draw any conclusion other than that the victim died as the direct result of the blows inflicted by appellant.

We are satisfied from the record that appellant entered his plea of guilty "without hope or fear, without improper influence or promise, with full knowledge of his legal and constitutional rights and of the consequences of his act."

The judgment is affirmed.

BEALS, C. J., GERAGHTY, TOLMAN, and HOLCOMB, JJ., concur.