IN RE STATE OF NEW JERSEY, IN THE INTEREST OF
J. W., JUVENILE-APPELLANT.

Argued September 14, 1970—Decided October 26, 1970.

*Mr. Leonard A. Wolkstein,* Assistant Deputy Public Defender, argued the cause for juvenile-appellant, J. W. (*Mr. Stanley C. Van Ness,* Public Defender, attorney).

*Mr. Kenneth N. Siegel,* Assistant Prosecutor, argued the cause for complainant-respondent (*Mr. Karl Asch,* Prosecu-

tor of Union County, attorney; *Mr. Arthur J. Timins,* Assistant Prosecutor, on the brief).

PER CURIAM: Appellant, a juvenile 12 years of age, was charged in five complaints with being a delinquent child. The offenses charged amounted to attempted robbery, assault and battery, breaking and entering with intent to commit larceny, larceny, receiving stolen property, incorrigibility and behavior endangering his morals, health and general welfare. Before the hearing, counsel for the juvenile moved for trial by jury on each complaint. The motion was denied by the Judge of the Juvenile and Domestic Relations Court. 106 *N. J. Super.* 129 (1969). The Appellate Division granted leave to file an interlocutory appeal. While the matter was pending unheard in the Appellate Division, appellant moved in this Court for certification, which was denied. The Appellate Division affirmed the decision of the Juvenile and Domestic Relations Court, 108 *N. J. Super.* 540 (1970), and the juvenile appealed to this Court upon alleged constitutional grounds. We pass the fact that appellant should have applied for leave to appeal. *R.* 2:2–2.

Appellant seeks to extend the effect of *In re Gault,* 387 *U. S.* 1, 87 *S. Ct.* 1428, 18 *L. Ed.* 2d 527 (1967), to grant the right to a jury trial to every juvenile accused of being a delinquent by reason of conduct which in the case of an adult would entitle the accused to this right. *Gault* did not involve that question, nor has the United States Supreme Court specifically so held in any subsequent opinion.

We agree with the general statement of the Pennsylvania Superior Court which said in *Commonwealth v. Johnson,* 211 *Pa. Super.* 62, 234 *A.* 2d 9 (*Super. Ct.* 1967), cited by the Pennsylvania Supreme Court in *In Re Terry,* 438 *Pa.* 339, 265 *A.* 2d 350, 355 (1970), *prob. juris. noted,* 399 *U. S.* 925, 90 *S. Ct.* 2271, 126 *L. Ed.* 2d 791:

It is inconceivable to us, however, that our highest Court attempted, through *Gault,* to undermine the basic philosophy, idealism and purposes of the juvenile court. We believe that the Supreme Court

did not lose sight of the humane and beneficial elements of the juvenile court system; it did not ignore the need for each judge to determine the action appropriate in each individual case; it did not intend to convert the juvenile court into a criminal court for young people. Rather, we find that the Supreme Court recognized that juvenile courts, while acting within the constitutional guarantees of due process, must, nonetheless, retain their flexible procedures and techniques. The institution of jury trial in juvenile court, while not materially contributing to the fact-finding function of the court, would seriously limit the court's ability to function in this unique manner, and would result in a sterile procedure which could not vary to meet the needs of delinquent children.

See also *Estes v. Superior Court,* 73 *Wash.* 2d 263, 438 *P.* 2d 205 (*Sup. Ct.* 1968); *In re Johnson,* 254 *Md.* 517, 255 *A.* 2d 419 (*Ct. App.* 1969); *State v. Turner,* 88 *Ore. Adv.* 363, 453 *P.* 2d 910 (*Sup. Ct.* 1969); *Bible v. State, Ind.,* 254 *N. E.* 2d 319 (*Sup. Ct.* 1970); *In re Fucini,* 44 *Ill.* 2d 305, 255 *N. E.* 2d 380 (*Sup. Ct.* 1970).

We will not on our own introduce into the Juvenile Court a mode of trial we believe will disserve the interests of the juvenile. Nor should we do so on the basis of a speculation that the United States Supreme Court will find that the Federal Constitution mandates that course, for it would be needlessly disruptive if we impose trial by jury upon an erroneous anticipation of that Court's views. The sensible course is to await an explicit statement by that tribunal.

Accordingly, we affirm substantially for the reasons expressed by the Appellate Division.

Affirmed.

*For affirmance*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANE-MAN—7.

*For reversal*—None.