[No. 40350.     Department One.     May 22, 1969.]

*In the Matter of the Welfare of* BRUCE DAVID FOREST.
BRUCE DAVID FOREST *et al., Petitioners,* v. THE STATE OF
WASHINGTON, *Respondent.**

*Bovy, Graham, Cohen, Munro & Wampold,* for petitioner (appointed counsel for appeal).

*Charles O. Carroll, Robert S. Bryan,* and *Jerry Bryant,* for respondent.

COLE, J.†—David Bruce Forest, born July 9, 1950, was brought before the juvenile department of the Superior Court for King County on April 26, 1968, and the hearing

*Reported in 455 P.2d 368.

†Judge Cole is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

resulted in a conclusion of delinquency based upon 10 burglaries, 1 larceny and 2 acts of malicious destruction of property. As a result of the juvenile court's findings and conclusions, David Forest was committed to the Department of Institutions.

Petitioner was arrested at his home with a companion. At the time of the arrests the boys were told by one of the officers:

[T]hey had a right to remain silent, that anything that they did say could be used against them in a court of law, that both boys had the right to an attorney of their own choosing; and if they or their parents could not pay for an attorney, one would be provided to them by the State.

The warning was repeated, and the officer then asked the boys if they understood what they were being told and they replied that they did. Thereafter petitioner admitted participation in the crimes which were the basis of the finding of delinquency. At the juvenile hearing the arresting officer testified as to petitioner's admissions. The sole issue raised by petitioner's writ of certiorari is whether admissions made by him at the time of his arrest were erroneously admitted into evidence at his juvenile hearing.

In *Miranda v. Arizona*, 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602 (1966) the United States Supreme Court designated the procedural safeguards necessary to protect an individual's privilege against self-incrimination. The court observed that once an individual was in custody and subject to questioning, his privilege against self-incrimination was jeopardized. In order to protect this privilege the court stated at 479:

He must be warned prior to any questioning that he has the right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the presence of an attorney, and that if he cannot afford an attorney one will be appointed for him prior to any questioning if he so desires.

Our first inquiry is whether the interrogation procedure required by *Miranda* is applicable to juvenile questioning as well. The leading case with regard to juvenile rights is

*In re Gault,* 387 U.S. 1, 18 L. Ed. 2d 527, 87 S. Ct. 1428 (1967). While *Gault* deals with the adjudicatory stage of juvenile proceedings, the court's broad language concerning a juvenile's privilege against self-incrimination can be applied to the pre-adjudicatory, investigation stage. In discussing this privilege the court stated at 47:

It would indeed be surprising if the privilege against self-incrimination were available to hardened criminals but not to children. The language of the Fifth Amendment, applicable to the States by operation of the Fourteenth Amendment, is unequivocal and without exception. And the scope of the privilege is comprehensive. As Mr. Justice White, concurring, stated in *Murphy v. Waterfront Commission,* 378 U.S. 52, 94 (1964):

"The privilege can be claimed in *any proceeding,* be it criminal or civil, administrative or judicial, investigatory or adjudicatory . . . it protects *any disclosures* which the witness may reasonably apprehend *could be used in a criminal prosecution or which could lead to other evidence that might be so used.*" (Emphasis added.)

. . .

It would be entirely unrealistic to carve out of the Fifth Amendment all statements by juveniles on the ground that these cannot lead to "criminal" involvement. In the first place, juvenile proceedings to determine "delinquency," which may lead to commitment to a state institution, must be regarded as "criminal" for purposes of the privilege against self-incrimination. . . .

. . .

We conclude that the constitutional privilege against self-incrimination is applicable in the case of juveniles as it is with respect to adults.

(Footnote omitted.)

■■ We believe that *Gault* requires a juvenile be afforded the same protection that is given an adult during custodial interrogation; namely that the Miranda warnings be given. *Leach v. State,* 428 S.W.2d 817 (Tex. 1968); *In re Creek,* 243 A.2d 49 (D.C. App. 1968). *See Estes v. Hopp,* 73 Wn.2d 263, 438 P.2d 205 (1968); *In re Fletcher,* 251 Md. 520, 248 A.2d 364 (1968); But *see State v. Kramer,* 72 Wn.2d 904, 435 P.2d 970 (1967). In the instant case peti-

tioner had been placed under arrest prior to questioning, was definitely in custody, and was entitled to a Miranda warning. The warning he was given failed to comply with *Miranda v. Arizona, supra,* in one respect; he was not told that he had the right to the presence of an attorney prior to any questioning. We therefore hold that the juvenile judge erred in admitting petitioner's admissions into evidence.

■ The question we now face is whether the fact that the admission was invalid requires a reversal of the judgment of the juvenile court. We are not here concerned with the prejudice to a defendant of the introduction into evidence of an invalid confession before a jury in a criminal trial. *See Chapman v. California,* 386 U.S. 18, 17 L. Ed. 2d 705, 87 S. Ct. 824 (1967). The informal instant proceedings were conducted before a juvenile judge only. We recognize that there is a difference between the effect of error committed before a jury and that committed before a judge. *See State v. Jefferson,* 74 Wn.2d 787, 446 P.2d 971 (1968). It is also recognized in this state that a hearing to determine delinquency is not a criminal proceeding, *Estes v. Hopp, supra,* and an order adjudicating a child delinquent is not deemed a criminal conviction. RCW 13.04.240. Because juvenile proceedings are civil, rather than criminal, we have held that a finding of delinquency must be supported by a preponderance of the evidence only; the normal evidentiary standard used in civil cases. *State ex rel. Berry v. Superior Court,* 139 Wash. 1, 245 P. 409 (1926). It must be pointed out that, while this was the rule at the time of the instant proceedings and so governs them, it is no longer the rule. Pursuant to Juvenile Court Rule 4.4(b), RCW vol. 0, effective January 10, 1969, the degree of proof required in a fact finding hearing on a petition alleging delinquency is "beyond a reasonable doubt."

The language in *In re Gault, supra,* indicates that the invalidation of a juvenile's admissions which have been considered by the juvenile court may not require automatic reversal. In *Gault* the petitioner made certain admissions before the juvenile court sitting without a jury. The United

States Supreme Court found the use of these admissions to violate petitioner's privilege against self-incrimination, for he was not advised of his right to remain silent or his right to counsel. In reversing the finding of delinquency the court said at 387 U.S. 56-57.

> The "confession" of Gerald Gault was first obtained by Officer Flagg, out of the presence of Gerald's parents, without counsel and without advising him of his right to silence, as far as appears. The judgment of the Juvenile Court was stated by the judge to be based on Gerald's admissions in court. Neither "admission" was reduced to writing, and, to say the least, the process by which the "admissions" were obtained and received must be characterized as lacking the certainty and order which are required of proceedings of such formidable consequences. Apart from the "admissions," there was nothing upon which a judgment or finding might be based. There was no sworn testimony. Mrs. Cook, the complainant, was not present. . . .
>
> . . .
>
> . . . We now hold that, absent *a valid confession,* a determination of delinquency and an order of commitment to a state institution cannot be sustained in the absence of sworn testimony subjected to the opportunity for cross-examination in accordance with our law and constitutional requirements.

(Italics ours. Footnote omitted.) If the invalidation of petitioner's admissions in *In re Gault, supra,* had required automatic reversal of the finding of delinquency, there would have been no need to review the additional facts surrounding the hearing. Furthermore, the ultimate holding of the case would not have been framed in terms of necessary requirements of fair treatment in a juvenile proceeding in which a juvenile's admissions were found to be invalid.

Unlike the situation in *Gault,* in the instant case the juvenile judge did not state that his finding was based upon petitioner's admissions; there was sworn testimony subject to cross-examination with regard to every act of delinquency petitioner was found to have committed; the complaining witnesses were present and testified; and there

was evidence, *independent* of petitioner's admissions, sufficient to support a finding of delinquency with regard to two of the counts. As to one act of malicious destruction of property, one of petitioner's neighbors testified that she witnessed petitioner and another boy break a number of windows in her house. In addition, when police officers went to petitioner's home to question him about a number of burglaries, one of which was the burglary of Louisa Boren Junior High School, they discovered three caged rats taken from that school with the name "Louisa Boren Junior High" attached to the cages. This evidence was discovered prior to petitioner's arrest and admissions and was testified to by the investigating officers. There was no issue raised with regard to the legality of the search and seizure to obtain this evidence.

It must be remembered that all that was necessary to a finding of delinquency at the time of the instant proceedings, although no longer the rule, was that it be shown by a preponderance of the evidence that the child violated any law of this state, or any ordinance of any town, city or county. *See* RCW 13.04.010. While the juvenile court must have considered petitioner's admissions, we cannot say petitioner was necessarily prejudiced thereby. Even absent petitioner's admissions, there was sufficient evidence derived from sworn testimony by witnesses available for cross-examination to support the finding of delinquency in the instant juvenile proceedings.

The judgment is affirmed.

HUNTER, C. J., FINLEY, HAMILTON, and McGOVERN, JJ., concur.