230 So.2d 149 (1970)
John HENNINGER, Appellant,
v.
The STATE of Florida, Appellee.
No. 38926.
Supreme Court of Florida.
January 7, 1970.
Daniel S. Pearson, of Pearson & Josefsberg, Miami, for appellant.
Earl Faircloth, Atty. Gen., and Raymond L. Marky, Asst. Atty. Gen., for appellee.
*150 BOYD, Justice.
This matter is before us on a motion of the State of Florida to dismiss the appeal filed herein by the appellant. The basis for the motion is that the notice of appeal required by Florida Appellate Rules was not filed within thirty days after appellant's motion for new trial was denied on June 11, 1969.
Appellant was convicted of murder in the first degree without recommendation of mercy and sentenced to death. On June 11, 1969, the court-appointed attorneys who represented appellant at the trial were discharged by the court at their request. At that time, trial counsel notified the court that appellant wanted to appeal and was requesting appointment of counsel to handle the appeal. The court then declared appellant insolvent, but did not appoint other counsel until July 2, 1969, a period of twenty-one days after denying the motion for new trial.
At the time counsel was appointed to appeal the case, nine days remained within which to file a notice of appeal. Appellate counsel was under the impression, however, that a notice of appeal had already been filed by previous counsel. Notice of Appeal was not filed until July 30, 1969, after the expiration of the thirty-day period. Although notice of appeal was not timely filed, the appellant's attorney did file motions for preparation of the trial transcript and for extension of time for filing assignments of error within the thirty-day appeal period.
Appellant contends that the filing of motions for preparation of transcript and extension of time within the thirty-day period constituted actual notice of appeal and that the filing of a formal notice of appeal was not necessary. We do not agree. The filing of notice of appeal is a prerequisite to every appeal. Timely notice of appeal vests jurisdiction of the cause in the proper appellate tribunal.[1] It also serves the important function of notifying the opposing party and reviewing court that an appeal is intended.[2]
Appellee's motion to dismiss the appeal is granted. However, we have determined that the ends of justice require that this Court treat the pleadings as a petition for writ of habeas corpus.
The petition for writ of habeas corpus is granted and the Clerk directed to issue the writ forthwith.
It is so ordered.
ERVIN, C.J., and CARLTON and ADKINS, JJ., concur.
ROBERTS and DREW, JJ., dissent.
NOTES
[1] Congregation Temple DeHirsch v. Aronson, 128 So.2d 585 (Fla. 1961).
[2] Seaboard Airline R.R. Co. v. Holt, 80 So.2d 354 (Fla. 1955).