278 So.2d 652 (1973)
Jesse STATEWRIGHT, Appellant,
v.
STATE of Florida, Appellee.
No. 70-341.
District Court of Appeal of Florida, Fourth District.
June 6, 1973.
*653 Richard L. Jorandby, Public Defender, and Edward H. Fine and Evelyn Flack, Asst. Public Defenders, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and A.S. Johnston, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Appellant-defendant, Jesse Statewright, by indictment was charged with the crime of murder in the first degree, tried and convicted by jury, adjudged guilty by the trial court, and sentenced to a term of life imprisonment. His appeal of the judgment and sentence was frustrated by the failure of his court-appointed attorney to timely file an appeal.
Notwithstanding, we grant a belated review of the judgment and sentence to appellant equivalent to a direct appeal by means of this habeas corpus proceeding. Henninger v. State, 230 So.2d 149 (Fla. 1970); Hollingshead v. Wainwright, 194 So.2d 577 (Fla. 1967).
On the night of March 12, 1966, Jesse Statewright and the deceased, James Spencer, both of whom worked for a sugar *654 company near South Bay, Florida, and lived in the same barracks at a camp operated by the sugar company for its laborers, drove to the towns of South Bay and Belle Glade, seeking some entertainment. On return to the barracks at the camp that night, it appeared there had been some trouble between the two of them, which continued throughout the night.
The following morning, March 13th, at approximately 4 a.m., Spencer getting ready to go to work, walked out of the barracks onto the barracks porch, at which time Statewright followed and shot Spencer several times, mortally wounding him. Statewright then got into his automobile and drove to Belle Glade, parked his vehicle and went to sleep. He was later awakened by the police, arrested and transported to the police station and interrogated after some Miranda warnings were given.
At arraignment, Statewright entered a plea of not guilty. At trial, Statewright claimed the shooting was in self-defense. The jury convicted Statewright of murder in the first degree, and the court adjudged the defendant guilty and sentenced him to life imprisonment. Hence, this appeal.
Appellant contends that the trial court erred by admitting into evidence certain inculpatory statements, both oral and written, which were obtained from him without first informing him of his constitutional right to have counsel present prior to and during interrogation.
In Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), the United States Supreme Court set forth that an accused must be advised of certain constitutional rights prior to any interrogation. One of the requirements of Miranda is that the accused be advised that he has a right to counsel, and that he will be furnished counsel free of charge should he be unable to afford an attorney. The court in Miranda further set forth that
"... an individual held for interrogation must be clearly informed that he has the right to consult with a lawyer and to have the lawyer with him during interrogation under the system for protecting the privilege we delineate... . [T]his warning is an absolute prerequisite to interrogation. No amount of circumstantial evidence that the person may have been aware of this right will suffice to stand in its stead. Only through such a warning is there ascertainable assurance that the accused was aware of this right." Miranda v. Arizona, supra at 471-472, 86 S.Ct. at 1626. (Emphasis supplied.)
And in Harris v. New York, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971), the United States Supreme Court again set forth that if an accused is not apprised of these rights, then any statement taken from him is inadmissible for any purpose except impeachment. Florida courts have followed this decision, State v. Retherford, 270 So.2d 363 (Fla. 1972).
Florida courts have also held that a warning of constitutional rights was incomplete when "it did not advise the defendant that he was entitled to an attorney prior to and during interrogation." (Citations omitted.) James v. State, 223 So.2d 52, 55 (Fla.App. 1969). See also State v. Craig, 237 So.2d 737 (Fla. 1970); State v. Graham, 240 So.2d 486 (Fla.App. 1970); Collins v. State, 197 So.2d 574 (Fla.App.) on remand 203 So.2d 28 (Fla.App. 1967). This view has also been followed by the federal courts and by other state court decisions. Groshart v. United States, 392 F.2d 172 (9th Cir.1968); Windsor v. United States, 389 F.2d 530 (5th Cir.1968); Brown v. Heyd, 277 F. Supp. 899 (E.D.La. 1967) aff'd 406 F.2d 346 (5th Cir.), cert. denied 396 U.S. 818, 90 S.Ct. 53, 24 L.Ed.2d 69 (1969); Duckett v. State, 3 Md. App. 563, 240 A.2d 332 (1968); State v. Creach, 77 Wash.2d 194, 461 P.2d 329 (1969); State v. Tetzlaff, 75 Wash.2d 649, 453 P.2d 638 (1969); cf. United States v. Cusumano, 429 F.2d 378 (2d Cir.), cert. denied 400 U.S. 830, 91 S.Ct. 61, 27 L.Ed.2d 61 (1970); United States v. Lamia, 429 F.2d 373 *655 (2d Cir.), cert. denied 400 U.S. 907, 91 S.Ct. 150, 27 L.Ed.2d 146 (1970); In re Forest v. State, 76 Wash.2d 84, 455 P.2d 368 (1969).
In the case sub judice, the defendant after being taken to the police station was advised that he did not have to say anything; that anything he said could be used against him in a court of law; that he would not be mistreated in any way or promised anything to get him to make a statement; that he had a right to an attorney and if he did not have one, the state would furnish him with one at no cost to him. The defendant then "waived his rights" and gave a statement. Under these circumstances, the admission of the oral and written statements into evidence was error as the warnings given were insufficient to clearly inform the defendant of his right to counsel during interrogation. Miranda v. Arizona, supra; James v. State, supra.
Appellant next contends that he was prejudiced and denied a fair trial by the trial court's failure to exclude testimony concerning a homosexual act allegedly committed by the appellant some five years prior to the crime for which he was tried. As indicated previously, the appellant was charged with and convicted of first degree murder. He admitted the shooting but claimed that he acted in self-defense. The prosecution attempted to show throughout the trial that the appellant had a motive for the murder; namely, that appellant had made an improper advance to the deceased and that he was afraid that the deceased would tell everyone that he (the appellant) was "queer."
The prosecution during its case-in-chief attempted to delve into the question of whether the appellant was a homosexual by calling two witnesses and asking them whether they knew the appellant's reputation insofar as his sexual behavior was concerned.[1] One witness denied any knowledge of the appellant's reputation, while the other witness testified that the first time that he had heard that the appellant might be "queer" was on the night of the shooting.
After the state rested, the appellant was called to the stand. After relating his version of the homicide, he denied on direct examination that he was a "sex pervert, a queer." On cross examination of the appellant by the prosecutor, the appellant testified that he had never participated in an unnatural sex act with another man, and that while he had been arrested once in 1961, he was not performing an unnatural sex act at that time. At this time, defense counsel interposed his first objection to this line of questioning, which objection was overruled. The prosecutor, on rebuttal, called a deputy who testified over objection and in detail that he had arrested the defendant in 1961, and that the reason for the arrest was that the defendant was performing an unnatural sex act with another male.
It is a cardinal principle of criminal law that the state cannot introduce evidence attacking the character of the accused unless the accused first puts his good character in issue. This approach was recognized and judicially adopted in Florida as early as 1886 in the case of Mann v. State, 22 Fla. 600 (1886). See also 13 Fla.Jur., Evidence § 152, et seq. Questions by the state as part of its case-in-chief concerning alleged homosexual behavior on the part of the defendant were clearly improper, not being relevant to any issues before the court but aimed solely at defendant's character. However, no reversible error occurred due to the failure of the defendant's counsel to object to these questions. State v. Jones, 204 So.2d 515 (Fla. 1967).
We now turn to consider whether it was error for the trial court to permit cross examination of the defendant on his alleged *656 homosexuality after the defendant denied on direct examination that he was a homosexual or a "queer."
Florida law again is clear that if a defendant takes the stand to testify in his own behalf, he becomes subject to cross examination to the same extent and manner as any other witness. Fla.R.Crim.P. 3.250, 33 F.S.A. And when a witness on direct examination opens a general subject, cross examination of that witness is not confined to the identical details testified to on direct but extends to all matters that may modify, supplement, contradict, rebut or make clearer the facts testified to on direct examination by the witness. Coco v. State, 62 So.2d 892 (Fla. 1953); 2 Wharton's Criminal Evidence § 446 (13th Torcia ed. 1972). The extent of cross examination designed to discredit or contradict a witness is within the sound discretion of the trial court and is not subject to review except for a clear abuse of discretion. 2 Wharton's Criminal Evidence §§ 424, 445, supra.
In the case sub judice, the defendant "opened the door" on direct examination by denying that he was a homosexual or a "queer." The prosecutor was thus entitled to further question the defendant on this matter and to seek to modify, supplement, contradict, rebut or make clearer the facts testified to on direct by the defendant. Accordingly, no reversible error is shown as the defendant "opened the door" and the extent of the cross examination permitted by the trial court was not such as to constitute an abuse of discretion.
One further issue remains for our consideration, i.e., the propriety of the state's rebuttal testimony. Once the prosecutor obtained a denial of the commission of the sex offense in 1961 from the defendant, the prosecutor called a rebuttal witness who described in great detail the commission of that sex offense.[2] The record reveals that the defendant was never convicted of the alleged sex offense as he was never charged with it.
The general rule applicable to cross examination of witnesses on collateral or irrelevant matters is that the answers of the witness are conclusive. This rule is applicable to answers of an accused. 2 Wharton's Criminal Evidence §§ 445, 479, supra. An exception to this rule may be found in Florida Statute § 90.08 (1971), F.S.A. Under this statutory exception, an accused may be asked whether or not he has ever been convicted of a crime for the purpose of impeachment. If the accused denies ever having been convicted of a crime, the prosecutor, after laying a proper predicate, may on rebuttal introduce a record of the accused's conviction to attack the credibility of the defendant's testimony, notwithstanding the fact that the crime of which the accused had been convicted is collateral and irrelevant to any fact in issue. Florida Statute § 90.08 (1971), F.S.A. See Morton v. State, 205 So.2d 662 (Fla. App. 1968). See also Hendrick v. Strazzulla, 135 So.2d 1 (Fla. 1961).
However, this exception is not applicable in the case sub judice as the defendant had never been convicted of the alleged sex offense. Therefore, once the defendant denied the commission of the sex offense which was collateral and irrelevant to any fact in issue, the prosecutor was bound by the answer, and it was error to have overruled defendant's objection to the rebuttal testimony, as the defendant's answer was conclusive.
Accordingly, the judgment is reversed, the sentence vacated and set aside, and the cause remanded for a new trial.
Reversed and remanded for a new trial.
WALDEN and CROSS, JJ., concur.
MAGER, J., concurs in conclusion only.
NOTES
[1] No objection to this line of questioning was interposed by defense counsel.
[2] The appellant was not asked if he had ever been convicted of a crime.