PER CURIAM.
Petitioner-defendant, Johnny Williams, Jr., was charged by information for breaking and entering with intent to commit a felony, to-wit: grand larceny, tried and convicted by a jury, adjudged guilty by the court with imposition of sentence. His appeal of the judgment and sentence was frustrated by the failure of his court-appointed attorney to timely file an appeal.
Nevertheless, we grant a belated review of the judgment and sentence to petitioner equivalent to a direct appeal by means of this habeas corpus proceeding. Henninger v. State, 230 So.2d 149 (Fla. 1970); Hollingshead v. Wainwright, 194 So.2d 577 (Fla.1967).
Upon a review and consideration of the record on appeal, the briefs and oral argument of counsel for the respective parties, we are of the opinion that when the state rested its case-in-chief, there was no evidence to support the charge of the information that when defendant broke and entered victim’s home, he had intent to commit grand larceny. On defendant’s motion, the charge should have been reduced to the lesser included offense of breaking arid entering with intent to commit petit larceny. Florida Statutes §§ 775.08, 810.01, *642 811.021, F.S.A.; Rumph v. State, 248 So.2d 526 (Fla.App.1971).
Accordingly, the judgment is reversed and the sentence vacated and set aside, and the cause remanded with directions to enter a judgment of conviction of the lesser included offense of breaking and entering with intent to commit petit larceny and imposition of sentence as the justice of the cause shall require.
Reversed and remanded, with directions.
CROSS and MAGER, JJ., and STRAWN, DAVID U., Associate Judge, concur.