## LOZO v STATE OF FLORIDA

Case No. 86-766-AC (County Court Case No. 86-18518-TT A02)

Fifteenth Judicial Circuit, Palm Beach County

June 22, 1987

### APPEARANCES OF COUNSEL

**Donald P. Kohl, Esquire,** for appellant.

Office of the State Attorney, for appellee.

### OPINION OF THE COURT

JAMES T. CARLISLE, Circuit Judge.

Deputy Glamunzina was dispatched to the scene of an accident. He found Doctor Lozo's car partially in the canal. Doctor Loza was present and intoxicated. The Deputy testified that Doctor Lozo admitted that he was the driver. Doctor Lozo testified that he only told the Deputy that it was his car.

Doctor Lozo testified that he had attended a party. When he left he discovered his car to be missing. He started to walk home and discovered the car in the canal.

Doctor Lozo testified that he called his wife from the jail and while he was talking to his wife, Deputy Glamunzina called him "a prick". (TT. 103) Deputy Glamunzina denied that he had called Doctor Lozo a prick. (TT. 53) Mrs. Lozo was called for the purpose of testifying that her husband called her from the jail and that while he was talking to her she could hear a voice calling someone a prick. (TT. 119) The trial court sustained the State's objection on the ground of hearsay.

## THE NAME-CALLING ISSUE

The defense called Frank Brass, a retired Florida Highway Patrol Trooper, and presently a Royal Palm Beach Police Officer to testify that Doctor Lozo's reputation for truth and veracity was good. The trial court disallowed this testimony.

Hearsay is a statement, other than one made by the declarant while testifying at trial or hearing, offered in evidence to prove the truth of the matter asserted. 90.801(c) F.S. Mrs. Lozo's testimony that she overheard someone calling someone a prick was not offered to prove Dr. Lozo was, in fact, a prick. It was offered simply to show that the statement was made. As such it is not hearsay.

Even though the statement was not hearsay, it is, nevertheless, inadmissible. Section 90.608 F.S. provides that a witness's credibility may be attacked by proof that *material* facts are not as testified to by the witness. Whether the Deputy called Doctor Lozo a prick is not material to the issue whether Doctor Lozo was the driver. When a witness is cross-examined concerning a collateral or irrelevant matter, the examiner is bound by the answer given. He must accept the answer of the witness and may not subsequently introduce extrinsic evidence to impeach the witness. Ehrhardt, *Florida Evidence* 608.1, pg. 294. In *Statewright v State*, 278 So.2d 652, the defendant was asked, by defense counsel, on direct examination, whether he was homosexual. He denied he was and on cross-examination he maintained he was not homosexual. On rebuttal the prosecution produced a witness who testified in great detail as to the commission of a homosexual sex

60

offense by the defendant. The Fourth District Court of Appeal held that once defendant opened the door on the question of homosexuality it was proper for the State to cross-examine on that issue. The Court went on to hold:

"Once the defendant denied the commission of the sex offense, which was collateral and irrelevant to any fact in issue, the prosecutor was bound by the answer, and it was error to have overruled defendant's objection to the rebuttal testimony, as the defendant's answer was conclusive."

The test to determine whether evidence is collateral and non-material is whether the impeaching evidence would have tended to independently prove a material fact or issue, or whether it would discredit a witness by pointing out bias, corruption, or lack of competency. While it might be argued the alleged statement of Deputy Glamunzia reflected bias, the word "prick" is used so indiscriminately in these times as to be of very little probative value in reflecting bias. In any case, Deputy Glumanzia testified as follows:

"The next minute he would be swearing at me and telling me that I could not do that; who did I think I am; he was a Ph.D. He said I had no right in arresting him." (TT. 54) And that there was a struggle when the deputy placed the handcuffs on Doctor Lozo. (TT. 53, TT. 56) From these facts a jury might infer the deputy was angry and, therefore, biased against Doctor Lozo. Who called who a prick is of very little value in this case. There was already some evidence from which bias could be inferred. Even if Mrs. Lozo's testimony could reflect bias, it was merely cumulative and should have been excluded under 90.403 F.S.

## THE TROOPER BRASS ISSUE

Section 90.404(1)(a) F.S. provides that evidence is admissible of a pertinent trait of character, offered by an accused, or by the prosecution to rebut the trait. The type of character referred to in this Section is not credibility. It is confined to honest, peacefulness, etc. Section 90.609 F.S. provides:

Character of witness as impeachment-

A party may attack or support the credibility of a witness, including an accused, by evidence in the form of reputation, except that:

(1) The evidence may refer only to character relating to truthfulness.

(2) Evidence of a truthful character is admissible only after the character of the witness for truthfulness has been attacked by

61

reputation evidence. The State did not attempt to introduce evidence as to Doctor Lozo's reputation for truth and veracity. It is contended, however, that portions of the State's cross examination (TT. 114) constituted an attack on Doctor Lozo's reputation for truth and veracity. Rule 608 of the Federal Evidence Rules provides that evidence of truthful character is admissible after the character of the witness for truthfulness has been attacked by opinion or reputation evidence *or otherwise.* The Florida statute deliberately omits the "or otherwise". Even under the Federal Rule, "or otherwise" is limited to prior acts of misconduct, a showing of corruption, or a prior conviction. A mere showing of interest or bias does not constitute an attack upon character sufficient to permit evidence of good reputation for truth and veracity.

## MOTION FOR NEW TRIAL

In an Affidavit attached to a Motion for New Trial, Mrs. Emily Lozo testified she had driven the car from the front of the party and into the canal to spite Doctor Lozo, who had gone to the party without her that night. Mrs. Lozo testified at the trial but no mention was made of these events. Rule 3.600 F.R.Cr.P. provides that a court shall grant a new trial if "(3) . . . new and material evidence, that if introduced at the trial would probably have changed the verdict or finding of the court, and that the defendant could not, with reasonable diligence, have discovered and produced upon the trial has been discovered." Mrs. Lozo was present and testified at the trial. The matters contained in the affidavit, if true, could have ben discovered through the exercise of reasonable diligence. The trial court was correct in refusing to grant a Motion for New Trial. It is, therefore:

ORDERED the conviction is affirmed.

DONE AND ORDERED this 22nd day of June, 1987, at West Palm Beach, Palm Beach County, Florida.